**BILLY J. WILLIAMS, OSB #901366**
United States Attorney
District of Oregon
**KATHLEEN L. BICKERS, OSB#85151**
kathleen.bickers@usdoj.gov
Assistant United States Attorney
United States Attorney's Office
District of Oregon
1000 S.W. Third Ave., Suite 600
Portland, Oregon  97204-2902
Telephone:    (503) 727-1060
Facsimile:    (503) 727-1117
Attorneys for United States

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PENDLETON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Civil Case No.: 2:19-cv-2079 |
| Plaintiff, | |
| | **COMPLAINT FOR FORECLOSURE** |
| **v.** | |
| | **7 U.S.C. § 1981(b)(5** |
| **DAVID L. ORR** *aka* **DAVID LAVERN ORR and SHAUNNA L. ORR** *aka* **SHAUNNA LEE ORR, Husband and Wife; OREGON STATE DEPARTMENT OF EMPLOYMENT; PENDLETON GRAIN GROWERS; RAY KLEIN INC.,** *dba* **PROFESSIONAL CREDIT SERVICE**, | |
| Defendants. | |

COMES NOW the United States of America, for its claim of relief against the above-named Defendants, alleges as follows:

1.      This is a civil action to collect a debt owing to the United States and foreclose the security agreements and mortgages securing such debt.  This Court has jurisdiction over this civil

action pursuant to 28 U.S.C. § 1345, as the United States is plaintiff. Venue is proper pursuant to 28 U.S.C. § 1391, as this action is to foreclose mortgages and security agreements describing real and personal property located in Baker County, Oregon.

2.      On or about June 19, 2002, Defendants David L. Orr *also known as* David Lavern Orr and Shaunna L. Orr, *also known as* Shaunna Lee Orr, husband and wife ("Defendants Orr") executed and delivered to the Farm Service Agency ("FSA"), a subdivision of the United States Department of Agriculture ("USDA")  a promissory note in the amount of $40,500.00.  A copy of this note is attached as Exhibit A.

3.      On or about November 20, 2002, Defendants Orr executed and delivered to FSA a promissory note in the amount of $35,500.00.  A copy of this note is attached as Exhibit B.

4.      On or about December 17, 2003, Defendants Orr executed and delivered to FSA a promissory note in the amount of $37,500.00.  A copy of this note is attached as Exhibit C.

5.      On or about July 26, 2004, Defendants Orr executed and delivered to FSA a promissory note in the amount of $26,250.00.  A copy of this note is attached as Exhibit D.

6.      To secure the payment of the promissory notes described in paragraphs 2, 3, 4, and 5, security agreements dated June 19, 2002, and November 5, 2008, describing personal property, including livestock and crops, were executed by Defendants Orr.  Copies of these security agreements are attached as Exhibits E and F.  These security agreements were perfected by FSA, by the filing of a financing statement on June 14, 2002, as Instrument No. 590443; and amendment filed January 13, 2004, as Instrument No. 590443; an amendment filed July 20, 2004, as Instrument No. 590443; a continuation statement filed January 3, 2007, as Instrument No. 590443-3; a continuation statement filed February 6, 2012, as Instrument No. 590443-4; a continuation statement filed May 22, 2017, as Instrument No. 50443-5; an amendment filed May

22, 2017, as Instrument No. 590443-6; an EFS-1 statement filed June 14, 2002, as Instrument No. 590442; an amendment filed January 13, 2004, as Instrument No. 590442-1; an amendment filed January 3, 2007, as Instrument No. 590442-2; a continuation statement filed February 6, 2012, as Instrument No. 590442-3; and a continuation statement filed May 22, 2017, as Instrument No. 590442-4, Official Records of Oregon Secretary of State.  Copies of the financing statement, continuation statements, and amendments are attached as Exhibits G, H, I, J, K, L, M, N, O, P, Q, and R.

       7.      By virtue of the security agreements described in paragraph 6, FSA has a perfected security interest in livestock owned by Defendants Orr, located in the State of Oregon, and described as:

1 Roping Steer, Longhorn
7 Roping Horses, Mixed Breed
50 Cows, Mixed Breed
2 Bulls, Angus Breed

       8.      On or about October 14, 2005, Defendants Orr executed and delivered to FSA a promissory note in the amount of $200,000.00.  A copy of this note is attached as Exhibit S. This note was reamortized by a promissory note in the amount of $214,462.28, dated November 5, 2008.  A copy of the re-amortized note is attached as Exhibit T.

       9.      On or about October 14, 2005, for the purpose of securing payment of the promissory note described in paragraph 8, Defendants Orr executed and delivered to FSA a real estate mortgage describing certain real property they own in Oregon.  A copy of this mortgage is attached as Exhibit U. This real estate mortgage was recorded October 21, 2005, in Book B05 43 0067, and re-recorded November 6, 2008, in Book 08 45 0223, in the Official Records of Baker County, Oregon.  This real estate mortgage still exists of record as a lien upon the real property.

10. On or about November 5, 2008, for the purpose of consolidating and rescheduling the promissory notes described in paragraphs 2, 3, 4, and 5, Defendants Orr executed and delivered to FSA a promissory note in the amount of $81,716.18. A copy of this note is attached as Exhibit V.

11. On or about November 5, 2008, for the purpose of further securing payment of the promissory note described in paragraph 10, Defendants Orr executed and delivered to FSA a real estate mortgage describing certain real property they own in Oregon. A copy of this mortgage is attached as Exhibit W. This real estate mortgage was recorded November 6, 2008, in Book 08 45 0217, and re-recorded February 17, 2009, in Book 09 07 0113, Official Records of Baker County, Oregon. This real estate mortgage still exists of record as a lien upon the real property.

12. Defendants Orr are delinquent in the payment of real estate taxes attributable to the real property described in the mortgages, and their indebtedness to FSA. In accordance with the provisions of the promissory notes, mortgages, and security agreements executed by Defendants Orr, and after taking all actions required pursuant to applicable regulations, on September 17, 2013, FSA accelerated the maturity of the entire indebtedness owing under the terms of the promissory notes, mortgages and security agreements, with all amounts being immediately due and payable. Defendants Orr are indebted to FSA in the amount of $229,847.34 principal, $11,311.28 principal advance for real property taxes and expenses, $51,542.54 interest on principal computed through June 24, 2019, and $158.63 interest accrued on principal advance through June 24, 2019. Interest continues to accrue on outstanding principal amounts at the daily rate of $31.3742.

13.     Defendant State of Oregon Department of Employment claims an interest in the real property by reason of Warrant No. D3343, recorded April 15, 2013, in Book 13 15 0161, Records of Baker County, Oregon.

14.     Defendant Pendleton Grain Growers claims an interest in the real property by reason of a lien record abstract of judgment entered February 7, 2014, in the Circuit Court for Umatilla County, Oregon Case No. CV132047, and recorded March 24, 2014, in Book 14 12 0125, Records of Baker County, Oregon.

15.     Defendant Ray Klein Inc., an Oregon corporation *dba* Professional Credit Service claims an interest in the real property by reason of judgment entered April 7, 2014, in the Baker County Circuit Court Case No. 13-951.

16.     Due to a scrivener's error, the property description in the mortgages described in paragraphs 9 and 11 mistakenly states "northeasterly," but should have stated "northwesterly" in the description of land excluded from the land subject to the mortgage.  The property description of this portion of land excluded from FSA's mortgage should be reformed to comply with the public records of Baker County, Oregon.

17.     The interests of all Defendants are inferior to the interest of FSA.

WHEREFORE, Plaintiff FSA requests judgment against Defendants as follows:

A.      That FSA have judgment against Defendants David L. Orr *also known as* David Lavern Orr and Shaunna L. Orr *also known as* Shaunna Lee Orr, husband and wife, in the amount of $292,859.79 ($229,847.34 principal, $11,311.28 principal advance, $51,542.54 accrued interest on principal and $158.63 accrued interest on principal advance) with interest to accrue at the rate of $31.3742 per day from June 24, 2019, to the date of judgment, and interest

from the date of judgment at the legal rate until paid in full, for costs of suit, and other proper relief.

B.      That the legal description on page 2 of the mortgages described in paragraphs 9 and 11 reads "...thence Northwesterly along said Westerly right of way line, to the North Line of the Northwest quarter…" in order to correctly describe that real property excluded from the interest created by these mortgages being foreclosed in this action.

C.      That the Court direct that the mortgages and security agreements be foreclosed and the real property and livestock described in the mortgages and security agreements be sold by the United States Marshal for the District of Oregon in the manner provided by law; that the parties hereto be allowed to bid at the said foreclosure sale; that the United States be allowed to bid all or part of its judgment at such foreclosure sale; that the purchaser at said sale shall be issued a Certificate of Sale of Real Property, be immediately let into possession of said property, and be entitled to such remedies as are available at law to secure possession, including a writ of assistance, if Defendants, or any of them, or any other party or person shall refuse to surrender possession to the purchaser immediately on the purchaser's demand for possession; and that at the termination of the redemption period the Marshal issue his Deed; and that the United States Marshal shall, after sale of the livestock, execute and deliver to the purchaser a bill of sale to said livestock.

D.      That the proceeds realized from the sale of the real property and livestock be applied as follows:  first, in payment of fees, costs, and expenses of this suit and execution of the judgment; and second, in payment of FSA's judgment against Defendants Orr.

E.      Decreeing that the Defendants and all persons claiming by, through or under them

be forever barred and foreclosed from asserting any right, title, or interest in and to the real

property described in the mortgage, except the right of redemption provided by applicable law.

F.      For such other and further relief as the Court may deem just and equitable.


DATED this 20th day of December, 2019.

BILLY J. WILLIAMS
United States Attorney
District of Oregon


/s Kathleen L. Bickers
KATHLEEN L. BICKERS, OSB #85151
Assistant United States Attorney
Attorneys for Plaintiff

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

**DEFENDANTS**
DAVID L. ORR, aka DAVID LAVERN ORR and SHAUNNA L. ORR aka SHAUNNA LEE ORR, Husband and Wife, OREGON STATE DEPARTMENT OF EMPLOYMENT, et al

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Baker
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1    U.S. Government
          Plaintiff

☐ 2    U.S. Government
          Defendant

☐ 3    Federal Question
          *(U.S. Government Not a Party)*

☐ 4    Diversity
          *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                     *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 490 Cable/Sat TV ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☒ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
        Proceeding

☐ 2 Removed from
        State Court

☐ 3 Remanded from
        Appellate Court

☐ 4 Reinstated or
        Reopened

☐ 5 Transferred from
        Another District
        *(specify)*

☐ 6 Multidistrict
        Litigation -
        Transfer

☐ 8 Multidistrict
        Litigation -
        Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
7 U.S.C. § 1981b(5)
Brief description of cause:
Foreclosure of real and personal property

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
      UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes    ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE
12/20/2019

SIGNATURE OF ATTORNEY OF RECORD
/s Kathleen L. Bickers

**FOR OFFICE USE ONLY**

RECEIPT #_____    AMOUNT_____    APPLYING IFP_____    JUDGE_____    MAG. JUDGE_____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)   Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)   County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)   Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.      Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.     Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.     Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.      Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.     Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.   Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

44-02

REPRODUCE LOCALLY. Include form number and date on all reproductions.

**FSA-1940-17**
(10-26-99)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

## PROMISSORY NOTE

| 8. KIND OF LOAN |
|---|
| Type: OL _____  [XX] Regular |
| [ ] Limited Resource |
| Pursuant to: |
| [XX] Consolidated Farm & Rural Development Act |
| [ ] Emergency Agricultural Credit Adjustment Act of 1978 |

1. Name
DAVID L. ORR    REAMORTIZED, NOT PAID

2. State
OREGON

3. County
BAKER

4. Case Number
43-001-544250649

5. Date
JUNE 19, 2002

6. Fund Code
44

7. Loan Number
02

**9. ACTION REQUIRING NOTE**

| | | | |
|---|---|---|---|
| [ ] | Initial loan | [ ] | Rescheduling |
| [x] | Subsequent loan | [ ] | Reamortization |
| [ ] | Consolidated & subsequent loan | [ ] | Credit sale |
| [ ] | Consolidation | [ ] | Deferred payments |
| [ ] | Conservation easement | [ ] | Debt write down |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in _____BAKER CITY_____

_____, or at such other place as the Government may later designate in writing, the principal sum of

-------------FORTY THOUSAND FIVE HUNDRED AND NO/100THS-------------------------- dollars

($ 40,500.00 _____ ), plus interest on the unpaid principal balance at the **RATE** of

------------FIVE AND ONE—QUARTER-------------------------- percent ( 5.25 %) per annum and

_____N/A_____ dollars ($ N/A )

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farm Service Agency, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in _____SEVEN_____ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| | | | |
|---|---|---|---|
| $ 7,063.00 on 12/15/2003 | ; $ N/A on _____ ; |
| $ N/A on _____ | ; $ N/A on _____ ; |
| $ N/A on _____ | ; $ N/A on _____ ; |
| $ N/A on _____ | ; $ N/A on _____ ; |
| $ N/A on _____ | ; $ N/A on _____ ; |
| $ N/A on _____ | ; $ N/A on _____ ; |

and $ 7,063 _____ thereafter on 12/15 of each YEAR _____ until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable _____7_____ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorized the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

*Position 2*

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument.  For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal.  Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower.  Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder.  While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis.  The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder.  The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government.  Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INTEREST RATE | DATE *(include year)* | ORIGINAL BORROWER | LAST INSTALL. DUE *(include year)* |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing.  These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.  The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status.  (Not all prohibited bases apply to all programs.)  Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).  To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD).  USDA is an equal opportunity provider and employer.

FSA-1940-17 (10-26-99)                                                              Page 3 of 3

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the appropriate conservation district in accordance with NRCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district in accordance with NRCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

David L. Orr                                                                        (Borrower)

Shauna Orr

64978 N. Powder River Lane
North Powder, OR 97867

**RECORD OF ADVANCES**

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| $ 10,000.00 | 6-17-02 | $ | | $ | |
| $ 30,500.00 | 6-21-02 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | | TOTAL $ 40,500 | |

44-03

REPRODUCE LOCALLY. Include form number and date on all reproductions.

**FSA-1940-17**
(10-26-99)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

## PROMISSORY NOTE

| 8. KIND OF LOAN |
| --- |
| Type: OL    [X] Regular |
| [ ] Limited Resource |
| Pursuant to: |
| [XX] Consolidated Farm & Rural Development Act |
| [ ] Emergency Agricultural Credit Adjustment Act of 1978 |

| 1. Name |
| --- |
| ORR, DAVID L. REAMORTIZED, NOT PAID |

| 2. State | 3. County |
| --- | --- |
| OREGON | BAKER |

| 4. Case Number | 5. Date |
| --- | --- |
| 43-001-544250649 | November 20, 2002 |

| 6. Fund Code | 7. Loan Number |
| --- | --- |
| 44 | 03 |

| 9. ACTION REQUIRING NOTE | |
| --- | --- |
| [ ] Initial loan | [ ] Rescheduling |
| [X] Subsequent loan | [ ] Reamortization |
| [ ] Consolidated & subsequent loan | [ ] Credit sale |
| [ ] Consolidation | [ ] Deferred payments |
| [ ] Conservation easement | [ ] Debt write down |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in_____BAKER CITY_____

_____, or at such other place as the Government may later designate in writing, the principal sum of

-----------THIRTY FIVE THOUSAND FIVE HUNDRED AND NO/100THS---------------------------dollars

($ 35,500.00 ), plus interest on the unpaid principal balance at the **RATE** of

-----------THREE AND ONE-HALF--------------------------percent ( 3.50 %) per annum and

N/A dollars ($ N/A )

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farm Service Agency, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in ____SEVEN____ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| $ 5,807.00 | on 12/31/2003 | ; $ N/A | on | ; |
| --- | --- | --- | --- | --- |
| $ | on | ; $ N/A | on | ; |
| $ | on | ; $ N/A | on | ; |
| $ | on | ; $ N/A | on | ; |
| $ | on | ; $ N/A | on | ; |
| $ | on | ; $ N/A | on | ; |

and $ 5,807.00 thereafter on 12/31 of each YEAR until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable ____7____ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorized the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

*Position 2*

FSA-1940-17 (10-26-99)                                                                                                      Page 2 of 3

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument.  For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal.  Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder.  While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis.  The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder.  The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government.  Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INTEREST RATE | DATE (include year) | ORIGINAL BORROWER | LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing.  These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

REFINANCING (GRADUATION) AGREEMENT: If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.  The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status.  (Not all prohibited bases apply to all programs.)  Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).  To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD).  USDA is an equal opportunity provider and employer.

FSA-1940-17 (10-26-99)                                                                     Page 3 of 3

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the appropriate conservation district in accordance with NRCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district in accordance with NRCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

David L. Orr                                                              (Borrower)

Shauna Orr
64978 N. North Powder River Lane
North Powder, OR 97867

### RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| $ 35,500.00 | 11-20-02 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | TOTAL | $ 35,500.00 | |

# 44-05

REPRODUCE LOCALLY. Include form number and date on all reproductions.

**FSA-1940-17**
(10-26-99)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

## PROMISSORY NOTE

*REAMORTIZED NOT PAID*

| 8. KIND OF LOAN | | |
|---|---|---|
| Type: OL | XX | Regular |
| | | Limited Resource |

Pursuant to:
XX Consolidated Farm & Rural Development Act

Emergency Agricultural Credit Adjustment Act of 1978

| 1. Name | DAVID L. ORR |
|---|---|
| 2. State OREGON | 3. County BAKER |
| 4. Case Number 43-001-544250649 | 5. Date 12-17-2003 |
| 6. Fund Code 44 | 7. Loan Number 05 |

| 9. ACTION REQUIRING NOTE | | |
|---|---|---|
| Initial loan | | Rescheduling |
| XX Subsequent loan | | Reamortization |
| Consolidated & subsequent loan | | Credit sale |
| Consolidation | | Deferred payments |
| Conservation easement | | Debt write down |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in 3990 MIDWAY DR.  BAKER CITY, OR 97814

, or at such other place as the Government may later designate in writing, the principal sum of

THIRTY-SEVEN THOUSAND AND FIVE-HUNDRED AND 00/100------------------------------------------------ dollars

($ 37,500.00 ), plus interest on the unpaid principal balance at the **RATE** of

THREE AND FIVE-EIGHTHS---------------------------------------- percent ( 3.625 %) per annum and

ZERO---------------------------------------------------- dollars ($ 0.00 )

of Noncapitalized interest.  If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farm Service Agency, not more than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address.  The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in SEVEN (7) installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| $ | | $ | |
|---|---|---|---|
| 6,165.00 on 12/31/2004 | | 6,165.00 on 12/31/2005 | ; |
| 6,165.00 on 12/31/2006 | | 6,165.00 on 12/31/2007 | ; |
| 6,165.00 on 12/31/2008 | | 6,165.00 on 12/31/2009 | ; |
| 6,165.00 on 12/31/2010 | | NA on NA | ; |
| NA on NA | | NA on NA | ; |
| NA on NA | | NA on NA | ; |

and $ 0.00 thereafter on NA of each NA until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable SEVEN (7) years from the date of this note, and except that prepayments may be made as provided below.  The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government.  Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government.  Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note.  Borrower authorized the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

*Position 2*

ORR, DAVID

**FSA-1940-17** (10-26-99)                                                                                    Page 2 of 3

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INTEREST RATE | DATE (include year) | ORIGINAL BORROWER | LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD). USDA is an equal opportunity provider and employer.

**FSA-1940-17** (10-26-99)                                                                                         Page 3 of 3

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the appropriate conservation district in accordance with NRCS's requirements.  Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district in accordance with NRCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note.  **UPON ANY SUCH DEFAULT**, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above.  This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

DAVID L. ORR                                                                                        (Borrower)

SHAUNNA L. ORR

64978 N. POWDER RIVER LN.

NORTH POWDER, OR 97867

### RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| $ 37,500.00 | 12/17/03 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | **TOTAL** | $ 37,500 | |

44-06

REPRODUCE LOCALLY. Include form number and date on all reproductions.

**FSA-1940-17**
(10-26-99)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

**PROMISSORY NOTE**

| 8. KIND OF LOAN | | |
|---|---|---|
| Type: ___OL___ | [XX] Regular | |
| | [ ] Limited Resource | |
| Pursuant to: | | |
| [XX] Consolidated Farm & Rural Development Act | | |
| [ ] Emergency Agricultural Credit Adjustment Act of 1978 | | |

| 1. Name |
|---|
| Orr, David L. and Shaunna |

| 2. State | 3. County |
|---|---|
| Oregon | Baker |

| 4. Case Number | 5. Date |
|---|---|
| 43-001-544250649 | 7/26/04 |

| 6. Fund Code | 7. Loan Number |
|---|---|
| 44 | 06 |

**9. ACTION REQUIRING NOTE**

| | | | |
|---|---|---|---|
| [ ] | Initial loan | [ ] | Rescheduling |
| [XX] | Subsequent loan | [ ] | Reamortization |
| [ ] | Consolidated & subsequent loan | [ ] | Credit sale |
| [ ] | Consolidation | [ ] | Deferred payments |
| [ ] | Conservation easement | [ ] | Debt write down |

REAMORTIZED & NOT PAID

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in 3990 Midway Dr. Baker City, OR 97814

_____, or at such other place as the Government may later designate in writing, the principal sum of

Twenty-Six Thousand and Two-Hundred and Fifty and 00/100------------------------------------ dollars

($ 26,250.00 ), plus interest on the unpaid principal balance at the **RATE** of

Four and One-Quarter------------------------------------ percent ( 4.25 %) per annum and

Zero------------------------------------dollars ($ 0.00 )

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farm Service Agency, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in ___Seven (7)___ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| | | | |
|---|---|---|---|
| $ 480.00 on 12/31/2004 | ; $ 5,050.00 on 12/31/2005 | ; |
| $ 5,050.00 on 12/31/2006 | ; $ 5,050.00 on 12/31/2007 | ; |
| $ 5,050.00 on 12/31/2008 | ; $ 5,050.00 on 12/31/2009 | ; |
| $ 5,050.00 on 12/31/2010 | ; $ on _____ | ; |
| $ on _____ | ; $ on _____ | ; |
| $ on _____ | ; $ on _____ | ; |

and $ 0.00 thereafter on 12/31 of each year _____ until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable Seven (7) years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorized the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

*Position 2*

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument.  For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal.  Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower.  Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder.  While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis.  The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder.  The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government.  Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INTEREST RATE | DATE (include year) | ORIGINAL BORROWER | LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing.  These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.  The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status.  (Not all prohibited bases apply to all programs.)  Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).  To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD).  USDA is an equal opportunity provider and employer.

**FSA-1940-17** (10-26-99)                                                                                           Page 3 of 3

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the appropriate conservation district in accordance with NRCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district in accordance with NRCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

David L. Orr                                                                                      *(Borrower)*

Shaunna Orr

64978 N. Powder River Lane

North Powder, OR 97867

### RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| $ 26250.00 | 7/26/04 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | **TOTAL** | $ 26250.00 | |

-0440-04A
-29-01)

Position 1
U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency
SECURITY AGREEMENT
(CHATTELS AND CROPS)



   I.  THIS SECURITY AGREEMENT, dated     June 19, 2002, is made between the United States of America acting through the Farm Service Agency (called Secured Party) and

DAVID L ORR                          and

(called Debtor), whose mailing address is

64978 NORTH POWDER RIVER R,      NORTH POWDER, OR 97867-0000

   II.  BECAUSE Debtor is justly indebted to Secured Party as evidenced by one or more certain promissory note(s) or other instrument(s), and in the future may incur additional indebtedness to Secured Party which will also be evidenced by one or more promissory note(s) or other instrument(s), all of which are called "note", which has been executed by Debtor, is payable to the order of Secured Party, and authorizes acceleration of the entire indebtedness at the option of Secured Party upon any default by Debtor; and

    The note evidences a loan to Debtor, and Secured Party at any time, may assign the note to any extent authorized by the Consolidated Farm and Rural Development Act or any other act administered by the Farm Service Agency and

    It is the purpose and intent of this instrument that this instrument shall secure prompt payment of the note and the timely performance of all obligations and covenants contained in this instrument; and

    NOW THEREFORE, in consideration of said loan(s) and (a) to secure the prompt payment of all existing and future indebtedness and liabilities of Debtor to Secured Party and of all renewals and extensions of such indebtedness and any additional loans or future advances to Debtor before or after made by Secured Party under the then existing provisions of the Consolidated Farm and Rural Development Act or any other act administered by the Farm Service Agency all with interest, (b)  in any event and at all times to secure the prompt payment of all advances and expenditures made by Secured Party, with interest, as described in this instrument, and (c) the timely performance of every covenant and agreement of Debtor contained in this instrument or in any supplementary agreement:

    DEBTOR GRANTS to Secured Party a security interest in Debtor's interest in the following described collateral, including the proceeds and products thereof, accessions thereto, future advances and security acquired hereinafter (hereinafter referred to as "collateral"); provided however the following description of specific items of collateral shall not in any way limit the collateral covered by this instrument and the Secured Party's interest therin:

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD). USDA is an equal opportunity provider and employer.

6-19-02
SCRATCH
SA

FSA-0440-04A (06-29-01)                                                                (Page  2 )

 

Item 1.   All crops, annual and perennial, and other plant or farm products now planted, growing or grown, or harvested or which are
planted after this instrument is signed or otherwise become growing or harvested crops or other plant products (a) within the
one-year period or any longer period of years permissible under State law, or (b) at any time after this instrument is signed if
no fixed maximum period is prescribed by State law, including the crops and plant products now planted, to be planted, growing or
grown or harvested on the following described real estate:

| Farm(s) or Other Real Estate *Owner | Approximate No. of Acres | County and State | Approximate Distance and Direction from a Named Town or other Description |
|---|---|---|---|
| GARY MARTIN | 1.00 | BAKER, OR | 2 MILES FROM NORTH POWDER |

Including all entitlements, benefits, and payments from all state and federal farm programs; all crop indemnity payments; all
payment intangibles arising from said crops and all general intangibles arising from said crops; and all peanut and tobacco
poundage allotments and quotas existing on or leased and transferred or to be leased and transferred to the above described
farms as well as any proceeds derived from the conveyance or lease and transfer by the Debtor to any subsequent party;

*Owner shown in related Financing Statement, except if informed of ownership change show reputed new owner.

FSA-0440-04A (06-29-01)                                                                    (Page  3 )

Item 2.    All farm and other equipment (except small tools and small equipment such as hand tools, power lawn mowers
and other items of like type unless described below), and inventory, now owned or hereafter acquired by Debtor, together
with all replacements, substitutions, additions, and accessions thereto, including but not limited to the following
which are located in the State(s) of                        :

| Line No. | Quantity | Kind | Manufacturer | Size and Type | Condition | Year of manufac- ture | Serial or Model No. |
|------|----------|------|--------------|---------------|-----------|----------|---------------------|

Including the following described fixtures which are affixed or are to be affixed to real estate; as-extracted collateral;
or timber to be cut, all of which, together with the associated real estate, are more particularly described as follows
(include legal description of the land):

FSA-0440-04A (06-29-01)                                                (Page  4 )

Item 3.    All livestock (except livestock and poultry kept primarily for subsistence purposes), fish, bees, birds,
furbearing animals, other animals produced or used for commercial purposes, other farm products, and supplies, now owned or
hereafter acquired by Debtor, together with all increases, replacements, substitutions, and additions thereto, including but
not limited to the following located in the State(s) OREGON                        :

| Line No. | Quantity | Kind-Sex | Breed | Color | Weight, average weight | Age or age Range | Brands or other identification |
|------|----------|---------------|----------|---------------|----------|-------|----------------|
| 001 | 1 | ROPING STEER | LONGHORN | BROWN & WHITE | 900 | 1 | |
| 002 | 7 | ROPING HORSES | MIXED | MIXED | 1500 | | |
| 003 | 50 | COWS | MIXED | MIXED | 1000 | | |
| 004 | 2 | BULLS | ANGUS | BLACK | 1500 | | |

FSA-0440-04A (06-29-01)                                                                    (Page 5 )

Item 4.   All accounts, deposit accounts, goods, supplies, inventory, supporting obligations, investment property, certificates of title, payment intangibles, and general intangibles, including, but not limited to the following:

>       GROSS RECEIPTS, INCLUDING CO-OP RETAINS, EQUITIES AND REVOLVING FUNDS
>       DERIVED FROM OR RELATED TO DEBTOR'S FARMLAND OR FARMING ACTIVITIES
>       ADDITIONALLY INCLUDING BUT NOT LIMITED TO COOPERATIVE STOCK OR
>       CERTIFICATES, CONTRACT ACRES, ACCOUNTS RECEIVABLE AND PROCEEDS FROM THE
>       FSA AND COMMODITY CREDIT CORPORATION PROGRAMS.

III.   DEBTOR WARRANTS, COVENANTS, AND AGREES THAT:
      A.   Debtor is the absolute and exclusive owner of the above-described collateral, and any marks or brands used to describe livestock are the holding brands and carry the title, although the livestock may have other marks or brands, and such collateral is free from all liens, encumbrances, security and other interests except (1) any existing liens, encumbrances, security or other interests in favor of Secured Party which shall remain in full force and effect, (2) any applicable landlord's statutory liens, and (3) other liens, encumbrances, security or other interests previously disclosed to Secured Party in the loan application, Farm and Home Plan or other loan documents.  Debtor will defend the collateral against the claims and demands of all other persons.
      B.   Statements contained in Debtor's loan application(s) and related loan documents are true and correct and that Debtor's name, as stated in the loan application and in this instrument, is Debtor's complete legal name; and Debtor will (1) use the loan funds for the purposes for which they were or are advanced, (2) comply with such farm and home management plans as may be agreed upon from time to time by Debtor and Secured Party, (3) care for and maintain the collateral in a good and husbandlike manner, (4) insure the collateral in such amounts and manner as may be required by Secured Party, and if Debtor fails to do so, Secured Party, at its option, may procure such insurance, (5) permit Secured Party to inspect the collateral at any reasonable time, (6) not abandon the collateral or encumber, conceal, remove, sell or otherwise dispose of it or of any interest in the collateral, or permit others to do so, without the prior written consent of Secured Party, (7) not permit the collateral to be levied upon, injured or destroyed, or its value to be impaired, except by using harvested crops in amounts necessary to care for livestock covered by this instrument, and (8) maintain accurate records of the collateral, furnish Secured Party any requested information related to the collateral and allow Secured Party to inspect and copy all records relating to the collateral.
      C.   Debtor will pay promptly when due all (1) indebtedness evidenced by the note and any indebtedness to Secured Party secured by this instrument, (2) rents, taxes, insurance premiums, levies, assessments, liens, and other encumbrances, and costs of liens searches and maintenance and other charges now or later attaching to, levied on, or otherwise pertaining to the collateral or this security interest, (3) filing or recording fees for instruments necessary to perfect, continue, service, or terminate this security interest, and (4) fees and other charges now or later required by regulations of the Farm Service Agency.
      D.   Secured Party is authorized to file financing statements describing the collateral, to file amendments to the financing statements and to file continuation statements.
      E.   Debtor will immediately notify Secured Party of any material change in the collateral or in the collateral's location; change in Debtor's name, address, or location; change in any warranty or representation in this instrument; change that may affect this security interest or its perfection; and any event of default.
      F.   Secured Party may at any time pay any other amounts required in this instrument to be paid by Debtor and not paid when due, including any costs and expenses for the preservation or protection of the collateral or this security interest, as advances for the account of Debtor.  All such advances shall bear interest at the rate borne by the note which has the highest interest rate.
      G.   All advances by Secured Party as described in this instrument, with interest, shall be immediately due and payable by Debtor to Secured Party without demand at the place designated in the latest note and shall be secured by this instrument.  No such advance by Secured Party shall relieve Debtor from breach of the covenant to pay.  Any payment made by Debtor may be applied on the note or any indebtedness to Secured Party secured hereby, in any order Secured Party determines.
      H.   In order to secure or better secure the above-mentioned obligations or indebtedness, Debtor agrees to execute any further documents, including additional security instruments on such real and personal property as Secured Party may require, and to take any further actions reasonably requested by Secured Party to evidence or perfect the security interest granted herein or to effectuate the rights granted to Secured Party herein.

FSA-0440-04A (06-29-01)            (Page 6 )

IV.  IT IS FURTHER AGREED THAT:

    A.  Until default Debtor may retain possession of the collateral.

    B.  Default shall exist under this instrument if Debtor fails to perform or discharge any obligation or to pay promptly any indebtedness secured by this instrument or to observe or perform any covenants or agreements in this instrument or in any supplementary agreement contained, or if any of Debtor's representations or warranties herein prove false or misleading, or upon the death or incompetency of the parties named as Debtor, or upon the bankruptcy or insolvency of any one of the parties named as Debtor Default shall also exist if any loan proceeds are used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. Upon any such default:

        1.  Secured Party, at its option, with or without notice as permitted by law, may (a) declare the unpaid balance on the note and any indebtedness secured by this instrument immediately due and payable, (b) enter upon the premises and cultivate and harvest crops, take possession of, repair, improve, use, and operate the collateral or make equipment unusable, for the purpose of protecting or preserving the collateral or this lien, or preparing or processing the collateral for sale, and (c) exercise any sale or other rights accorded by law. Secured Party may disclaim all warranties relating to title, possession, quiet enjoyment, merchantability, fitness or the like in any disposition of the collateral.

        2.  Debtor (a) agrees to assemble the collateral and make it available to Secured Party at such time(s) and place(s) as designated by Secured Party, and (b) waives all notices, exemptions, compulsory disposition and redemption rights.

        3.  A default shall exist under any other security instrument held by Secured Party and executed or assumed by Debtor on real or personal property. Likewise, default under such other security instrument shall constitute default under this instrument.

    C.  Proceeds from disposition of collateral shall be applied first on expenses of retaking, holding, preparing for sale, processing, selling and the like and for payment of reasonable attorneys' fees and legal expenses incurred by Secured Party, second to the satisfaction of prior security interests or liens to the extent required by law and in accordance with current regulations of the Farm Service Agency, third to the satisfaction of indebtedness secured by this instrument, fourth to the satisfaction of subordinate security interests to the extent required by law, fifth to any other obligations of Debtor owing to Secured Party, and sixth to Debtor. Any proceeds collected under insurance policies shall be applied first on advances and expenditures made by Secured Party, with interest, as provided above, second on the debt evidenced by the note, unless Secured Party consents in writing to their use by Debtor under Secured Party's direction for repair or replacement of the collateral, third on any other obligation of Debtor owing to Secured Party, and any balance shall be paid to Debtor unless otherwise provided in the insurance policies. Debtor will be liable for any deficiency owed to Secured Party after such disposition of proceeds of the collateral and insurance.

    D.  It is the intent of Debtor and Secured Party that to the extent permitted by law and for the purpose of this instrument, no collateral covered by this instrument is or shall become realty or accessioned to other goods.

    E.  Secured Party may comply with any applicable state or Federal law requirements in connection with the disposition of the collateral and compliance will not be considered to adversely affect the commercial reasonableness of any sale of the collateral.

    F.  This instrument is subject to the present regulations of the Secured Party and to its future regulations not inconsistent with the express provisions of this instrument.

    G.  If any provision of this instrument is held invalid or unenforceable, it shall not affect any other provisions, but this instrument shall be construed as if it had never contained such invalid or unenforceable provision.

    H.  The rights and privileges of Secured Party under this instrument shall accrue to the benefit of its successors and assigns. All covenants, warranties, representations, and agreements of Debtor contained in this instrument are joint and several and shall bind personal representatives, heirs, successors, and assigns.

    I.  If at any time it shall appear to Secured Party that Debtor may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Debtor will, upon Secured Party's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured by this instrument and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

    J.  SECURED PARTY HAS INFORMED DEBTOR THAT DISPOSAL OF PROPERTY COVERED BY THIS SECURITY AGREEMENT WITHOUT THE CONSENT OF SECURED PARTY, OR MAKING ANY FALSE STATEMENT IN THIS SECURITY AGREEMENT OR ANY OTHER LOAN DOCUMENT, MAY CONSTITUTE A VIOLATION OF FEDERAL CRIMINAL LAW.

;A-0440-;04A (06-29-01)                                                                                          (Page  7 )

K.   Failure by the Secured Party to exercise any right·whether once or often·shall not be construed as a waiver of any
ovenant or condition or of the breach of such covenant or condition.  Such failure shall also not affect the exercise of such right
ithout notice upon any subsequent breach of the same or any other covenant or condition.

_____(SEAL) _____(SEAL)
AVID L ORR                (Debtor)                                           (Debtor)

This form is available electronically. 

Form Approved - OMB No. 0560-0238
(See Page 7 for Privacy Act and Public Burden Statements)

| FSA-2028 | U.S. DEPARTMENT OF AGRICULTURE | Position 1 |
|---|---|---|
| (12-31-07) | Farm Service Agency | |

**SECURITY AGREEMENT**

1. **THIS SECURITY AGREEMENT,** dated *(a)* __November 5, 2008__ , is made between the United States of America, acting through the U.S. Department of Agriculture, Farm Service Agency (Secured Party) and *(b)*_____

__DAVID L ORR, SHAUNNA L ORR__

(Debtor), whose mailing address is (c)_____

__63950 VIEW POINT LANE, NORTH POWDER, OR 97867__

2. **BECAUSE** Debtor is justly indebted to Secured Party as evidenced by one or more certain promissory notes or other instruments, and in the future may incur additional indebtedness to Secured Party which will also be evidenced by one or more promissory notes or other instruments, all of which are called "Note," which has been executed by Debtor, is payable to the order of Secured Party, and authorizes acceleration of the entire indebtedness at the option of Secured Party upon any default by Debtor; and

The Note evidences a loan to Debtor, and Secured Party at any time may assign the Note to any extent authorized by the Consolidated Farm and Rural Development Act or any other Act administered by Secured Party; and

It is the purpose and intent of this Security Agreement to secure prompt payment of the Note and the timely performance of all obligations and covenants contained in this Security Agreement; and

**NOW THEREFORE,** in consideration of said loans and *(1)* to secure the prompt payment of all existing and future indebtedness and liabilities of Debtor to Secured Party and of all renewals and extensions of such indebtedness and any additional loans or future advances to Debtor before or after made by Secured Party under the then existing provisions of the Consolidated Farm and Rural Development Act or any other Act administered by Secured Party all with interest; *(2)* in any event and at all times to secure the prompt payment of all advances and expenditures made by Secured Party, with interest, as described in this Security Agreement; and *(3)* the timely performance of every covenant and agreement of Debtor contained in this Security Agreement or in any supplementary agreement.

**DEBTOR GRANTS** to Secured Party a security interest in Debtor's interest in the following described collateral, including the proceeds and products thereof, accessions thereto, future advances and security acquired hereinafter (collateral); provided however the following description of specific items of collateral shall not in any way limit the collateral covered by this Security Agreement and the Secured Party's interest therein *(a)*:

Initial _____ Date 11-6-08
11-6-08

Complaint, Exhibit F, Page 1 of 7

**FSA-2028** (12-31-07)                                                                                   Page 2 of 7

(b) All crops, annual and perennial, and other plant or farm products now planted, growing or grown, or harvested or which are planted after this Security Agreement is signed or otherwise become growing or harvested crops or other plant products *(1)* within the one-year period or any longer period of years permissible under State law, or *(2)* at any time after this Security Agreement is signed if no fixed maximum period is prescribed by State law, including crops and plant products now planted, to be planted, growing or grown or harvested on the following described real estate:

| (1)<br>Farm or Other Real Estate Owner | (2)<br>Approximate<br>Number of Acres | (3)<br>County and State | (4)<br>Approximate Distance and Direction<br>from Named Town or Other<br>Description |
|---|---|---|---|
| Dave and Shaunna Orr | 34 | BAKER, OR | 1 mile S of Baker City |

Including all entitlements, benefits, and payments from all State and Federal farm programs; all crop indemnity payments; all payment intangibles arising from said crops and all general intangibles arising from said crops; and all allotments and quotas existing on or leased and transferred or to be leased and transferred to the above described farms as well as any proceeds derived from the conveyance or lease and transfer by the Debtor to any subsequent party.

Initial _____ Date 11-6-08
11-6-08

**FSA-2028** (12-31-07)                                                                                                                 Page 3 of 7

(c)  All farm and other equipment (except small tools and small equipment such as hand tools, power lawn mowers and other items of like type unless described below), and inventory, now owned or hereafter acquired by Debtor, together with all replacements, substitutions, additions, and accessions thereto, including but not limited to the following which are located in the State(s) of *(1)* ___Oregon___ :

| (2) Line No. | (3) Quantity | (4) Kind | (5) Manufacturer | (6) Size and Type | (7) Condition | (8) Year | (9) Serial or Model No. |
|---|---|---|---|---|---|---|---|
| 1 | 1 | Backhoe | Case | 580 C | excellent | | 8990894 |

(10) Including the following described fixtures which are affixed, or are to be affixed to real estate, as extracted collateral; or timber to be cut, all of which, together with the associated real estate, are more particularly described as follows:

Initial _____  Date 11-6-08

11-6-08

**FSA-2028** (12-31-07)                                                                                    Page 4 of 7

(d)  All livestock (except livestock and poultry kept primarily for subsistence purposes), fish, bees, birds, furbearing animals, other animals produced or used for commercial purposes, other farm products, and supplies, now owned or hereafter acquired by Debtor, together with all increases, replacements, substitutions, and additions thereto, including but not limited to the following located in the State(s) of *(1)* ___Oregon___ :

| (2)<br>Line<br>No. | (3)<br>Quantity | (4)<br>Kind or Sex | (5)<br>Breed | (6)<br>Color | (7)<br>Weight | (8)<br>Age | (9)<br>Brand or Other Identification |
|---|---|---|---|---|---|---|---|
| 1 | 3 | Cattle - Beef - Breeding Bulls | | | | | |
| 2 | 23 | Cattle - Beef - Breeding Cows | | | | | |

Initial _____ Date 11-6-08
11-6-08

**FSA-2028** (12-31-07)                                                                                          Page 5 of 7

(e)    All accounts, deposit accounts, goods, supplies, inventory, supporting obligations, investment property, certificates of title, payment intangibles, and general intangibles, including but not limited to the following:

All accounts, contract rights, general intangibles, gross receipts, including co-op retains, equities and revolving funds derive from or related to the debtor's farmland or farming activities additionally including but not limited to cooperative stock or certificates, base acres, accounts receivable and proceeds from the Farm Service Agency (FSA) and Commodity Credit Corporation (CCC) programs.

3. **DEBTOR WARRANTS, COVENANTS, AND AGREES THAT:**

(a)    Debtor is the absolute and exclusive owner of the above-described collateral, and any marks or brands used to describe livestock are the holding brands and carry the title, although the livestock may have other marks or brands, and such collateral is free from all liens, encumbrances, security and other interests except *(1)* any existing liens, encumbrances, security or other interests in favor of Secured Party which shall remain in full force and effect; *(2)* any applicable landlord's statutory liens; and (3) other liens, encumbrances, security or other interests previously disclosed to Secured Party in the loan application, farm operating plan or other loan documents. Debtor will defend the collateral against the claims and demands of all other persons.

(b)    Statements contained in Debtor's loan application and related loan documents are true and correct and that Debtor's name, as stated in the loan application and in this Security Agreement, is Debtor's complete legal name; and Debtor will *(1)* use the loan funds for the purposes for which they were or are advanced; *(2)* comply with such farm operating plans as may be agreed upon from time to time by Debtor and Secured Party; *(3)* care for and maintain collateral in a good and husbandlike manner; *(4)* insure the collateral in such amounts and manner as may be required by Secured Party, and if Debtor fails to do so, Secured Party, at its option, may procure such insurance; *(5)* permit Secured Party to inspect the collateral at any reasonable time; *(6)* not abandon the collateral or encumber, conceal, remove, sell or otherwise dispose of it or of any interest in the collateral, or permit others to do so, without the prior written consent of Secured Party; *(7)* not permit the collateral to be levied upon, injured or destroyed, or its value to be impaired, except by using harvested crops in amounts necessary to care for livestock covered by this Security Agreement; and *(8)* maintain accurate records of the collateral, furnish Secured Party any requested information related to the collateral and allow Secured Party to inspect and copy all records relating to the collateral.

(c)    Debtor will pay promptly when due all *(1)* indebtedness evidenced by the Note and any indebtedness to Secured Party secured by this Security Agreement; *(2)* rents, taxes, insurance premiums, levies, assessments, liens, and other encumbrances, and costs of lien searches and maintenance and other charges now or later attaching to, levied on, or otherwise pertaining to the collateral or this security interest; *(3)* filing or recording fees for instruments necessary to perfect, continue, service, or terminate this security interest; and *(4)* fees and other charges now or later required by regulations of the Secured Party.

(d)    Secured Party is authorized to file financing statements describing the collateral, to file amendments to the financing statements and to file continuation statements.

(e)    Debtor will immediately notify Secured Party of any material change in the collateral or in the collateral's location; change in Debtor's name, address, or location; change in any warranty or representation in this Security Agreement; change that may affect this security interest or its perfection; and any event of default.

(f)    Secured Party may at any time pay any other amounts required in this instrument to be paid by Debtor and not paid when due, including any costs and expenses for the preservation or protection of the collateral or this security interest, as advances for the account of Debtor. All such advances shall bear interest at the rate borne by the Note which has the highest interest rate.

(g)    All advances by Secured Party as described in this Security Agreement, with interest, shall be immediately due and payable by Debtor to Secured Party without demand and shall be secured by this Security Agreement. No such advance by Secured Party shall relieve Debtor from breach of the covenant to pay. Any payment made by Debtor may be applied on the Note or any indebtedness to Secured Party secured hereby, in any order Secured Party determines.

(h)    In order to secure or better secure the above-mentioned obligations or indebtedness, Debtor agrees to execute any further documents, including additional security instruments on such real and personal property as Secured Party may require and to take any further actions reasonably requested by Secured Party to evidence or perfect the security interest granted herein or to effectuate the rights granted to Secured Party herein.

Initial _____ Date 11-6-08

11-6-08

**FSA-2028** (12-31-07)

4. **IT IS FURTHER AGREED THAT:**

(a)  Until default, Debtor may retain possession of the collateral.

(b)  **Default** shall exist under this Security Agreement if Debtor fails to perform or discharge any obligation or to pay promptly any indebtedness secured by this Security Agreement or to observe or perform any covenants or agreements in this Security Agreement or in any supplementary agreement contained, or if any of Debtor's representations or warranties herein prove false or misleading, or upon the death or incompetency of the parties named as Debtor, or upon the bankruptcy or insolvency of any one of the parties named as Debtor. Default shall also exist if any loan proceeds are used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands, as described in 7 CFR Part 1940, Subpart G, Exhibit M or any successor regulation. Upon any default:

    (1)  Secured Party, at its option, with or without notice as permitted by law may *(a)* declare the unpaid balance on the Note and any indebtedness secured by this Security Agreement immediately due and payable; *(b)* enter upon the premises and cultivate and harvest crops, take possession of, repair, improve, use, and operate the collateral or make equipment usable, for the purpose of protecting or preserving the collateral or this lien, or preparing or processing the collateral for sale, and *(c)* exercise any sale or other rights accorded by law. Secured Party may disclaim all warranties relating to title, possession, quiet enjoyment, merchantability, fitness or the like in any disposition of the collateral;

    (2)  Debtor *(a)* agrees to assemble the collateral and make it available to Secured Party at such times and places as designated by Secured Party; and *(b)* waives all notices, exemptions, compulsory disposition and redemption rights;

    (3)  A default shall exist under any other security instrument held by Secured Party and executed or assumed by Debtor on real or personal property. Likewise, default under such other security instrument shall constitute default under this Security Agreement.

(c)  Proceeds from disposition of collateral shall be applied first on expenses of retaking, holding, preparing for sale, processing, selling and the like and for payment of reasonable attorneys' fees and legal expenses incurred by Secured Party, second to the satisfaction of prior security interests or liens to the extent required by law and in accordance with current regulations of the Secured Party, third to the satisfaction of indebtedness secured by this Security Agreement, fourth to the satisfaction of subordinate security interests to the extent required by law, fifth to any obligations of Debtor owing to Secured Party and sixth to Debtor. Any proceeds collected under insurance policies shall be applied first on advances and expenditures made by Secured Party, with interest, as provided above, second on the debt evidenced by the Note, unless Secured Party consents in writing to their use by Debtor under Secured Party's direction for repair or replacement of the collateral, third on any other obligation of Debtor owing to Secured Party, and any balance shall be paid to Debtor unless otherwise provided in the insurance policies. Debtor will be liable for any deficiency owed to Secured Party after such disposition of proceeds of the collateral and insurance.

(d)  It is the intent of Debtor and Secured Party that to the extent permitted by law and for the purpose of this Security Agreement, no collateral covered by this Security Agreement is or shall become realty or accessioned to other goods.

(e)  Debtor agrees that the Secured Party will not be bound by any present or future State exemption laws. Debtor expressly **WAIVES** the benefit of any such State laws.

(f)  Secured Party may comply with any applicable State or Federal law requirements in connection with the disposition of the collateral and compliance will not be considered to adversely affect the commercial reasonableness of any sale of the collateral.

(g)  This Security Agreement is subject to the present regulations of the Secured Party and to its future regulations not inconsistent with the express provisions of this Security Agreement.

(h)  If any provision of this Security Agreement is held invalid or unenforceable, it shall not affect any other provisions, but this Security Agreement shall be construed as if it had never contained such invalid or unenforceable provision.

Initial _____ Date 11-6-08

11-10-08



**FSA-2028** (12-31-07)                                                                                          Page 7 of 7

(i)  The rights and privileges of Secured Party under this Security Agreement shall accrue to the benefit of its successors and assigns. All covenants, warranties, representations, and agreements of Debtor contained in this Security Agreement are joint and several and shall bind personal representatives, heirs, successors, and assigns.

(j)  If at any time it shall appear to Secured Party that Debtor may be able to obtain a loan from other credit sources, at reasonable rates and terms for loans for similar purposes and periods of time, Debtor will, upon Secured Party's request, apply for and accept such loan in sufficient amount to pay the Note and any indebtedness secured by this Security Agreement. Debtor will be responsible for any application fees or purchase of stock in connection with such loan.

(k)  Failure of the Secured Party to exercise any right, whether once or often, shall not be construed as a waiver of any covenant or condition or of the breach of such covenant or condition. Such failure shall also not affect the exercise of such right without notice upon any subsequent breach of the same or any other covenant or condition.

(l)  **SECURED PARTY HAS INFORMED DEBTOR THAT DISPOSAL OF PROPERTY COVERED BY THIS SECURITY AGREEMENT WITHOUT THE CONSENT OF SECURED PARTY, OR MAKING ANY FALSE STATEMENT IN THIS SECURITY AGREEMENT OR ANY OTHER LOAN DOCUMENT, MAY CONSTITUTE A VIOLATION OF FEDERAL CRIMINAL LAW.**

**5.  CERTIFICATION**

*I certify that the information provided is true, complete and correct to the best of my knowledge and is provided in good faith. (Warning: Section 1001 of Title 18, United States Code, provides for criminal penalties to those who provide false statements. If any information is found to be false or incomplete, such finding may be grounds for denial of the requested action.)*

6A.                                          11-6-08            6B.                                          11-6-08
    DAVID L ORR                        (Date)                          SHAUNNA L ORR                      (Date)

Space provided for additional signatures:

NOTE:  The following statements are made in accordance with the Privacy Act of 1974 (5 USC 552a):  the Farm Service Agency (FSA) is authorized by the Consolidated Farm and Rural Development Act, as amended (7 USC 1921 et seq.), or other Acts, and the regulations promulgated thereunder, to solicit the information requested on its application forms.  The information requested is necessary for FSA to determine eligibility for credit or other financial assistance, service your loan, and conduct statistical analyses.  Supplied information may be furnished to other Department of Agriculture agencies, the Internal Revenue Service, the Department of Justice or other law enforcement agencies, the Department of Defense, the Department of Housing and Urban Development, the Department of Labor, the United States Postal Service, or other Federal, State, or local agencies as required or permitted by law. In addition, information may be referred to interested parties under the Freedom of Information Act, to financial consultants, advisors, lending institutions, packagers, agents, and private or commercial credit sources, to collection or servicing contractors, to credit reporting agencies, to private attorneys under contract with FSA or the Department of Justice, to business firms in the trade area that buy chattel or crops or sell them for commission, to Members of Congress or Congressional staff members, or to courts or adjudicative bodies.  Disclosure of the information requested is voluntary.  However, failure to disclose certain items of information requested, including your Social Security Number or Federal Tax Identification Number, may result in a delay in the processing of an application or its rejection.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number.  The valid OMB control number for this information collection is 0560-0238.  The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, or call (800) 795-3272 (voice) or (202) 720-6382 (TDD). USDA is an equal opportunity provider and employer.

590443
6/14/02 8:30:55 AM
OR Sec. of State

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

1003319803

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

```
FARM SERVICE AGENCY
3990 MIDWAY DRIVE
BAKER CITY, OR 97814
```

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b)  do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| ORR | DAVID | LAVERN | |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 64978 North Powder River Lane | North Powder | OR | 97867 | USA |

| 1d. | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

| 2d. | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| UNITED STATES of AMERICA, acting through, FARM SERVICE AGENCY | | | |
| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 3990 Midway Drive | Baker City | OR | 97814 | USA |

4. This FINANCING STATEMENT covers the following collateral:

1. All crops, livestock, farm products, equipment, certificates of title, goods, supplies, inventory, accounts, deposit accounts, supporting obligations, contract rights, payment intangibles, general intangibles, investment property, gross receipts, equities, revolving funds, crop insurance indemnity patments, and all entitlements, benefits, and payments from all State and Federal farm programs;
2. All proceeds, products, accessions, and security acquired hereafter.

DISPOSITION OF SUCH COLLATERAL IS NOT HEREBY AURTHORIZED.

| 5. ALTERNATIVE DESIGNATION (if applicable): | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.    Attach Addendum    [if applicable] | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]    [optional] | | ☐ All Debtors | ☐ Debtor 1 | ☐ Debtor 2 |
| 8. OPTIONAL FILER REFERENCE DATA | | | | | | |

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)

590443
1/13/2004 11:33:18 AM
OR Sec. of State

|||||||||||||||||||||||||||||| 1010295505

**UCC FINANCING STATEMENT AMENDMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY
A. NAME & PHONE OF CONTACT AT FILER [optional]
A. HURLEY
B. SEND ACKNOWLEDGEMENT TO: (Name and Address)

        BAKER COUNTY FSA
        3990 MIDWAY DRIVE
        BAKER CITY, OR  97814

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # | 1b. This FINANCING STATEMENT AMENDMENT is |
| 590443 | ☐ to be filed [for record] (or record) in the REAL ESTATE RECORDS. |

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ **ASSIGNMENT:** (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.
☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.  ☐ DELETE name: Give record name to be deleted in item 6a or 6b.  ☑ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:
6a. ORGANIZATION'S NAME

| OR | 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | | |

7. CHANGED (NEW) OR ADDED INFORMATION:
7a. ORGANIZATION'S NAME

| OR | 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | ORR | SHAUNNA | LEE | |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 64978 N. POWDER RIVER LANE | NORTH POWDER | OR | 97867 | USA |

| 7d. | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any |
| | | | | ☐ NONE |

8. AMENDMENT (COLLATERAL CHANGE): check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.
9a. ORGANIZATION'S NAME
UNITED STATES OF AMERICA acting through FARM SERVICE AGENCY

| OR | 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | | |

10. OPTIONAL FILER REFERENCE DATA

**404** FILING OFFICE COPY -- NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 8/02)

Complaint, Exhibit H, Page 1 of 1



590443
7/20/2004 12:42:56 PM
OR Sec. of State

1012412105

## UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

A. HURLEY

B. SEND ACKNOWLEDGEMENT TO: (Name and Address)

BAKER COUNTY FSA
3990 MIDWAY DRIVE
BAKER CITY, OR  97814

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # | 1b. —This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or record) in the REAL ESTATE RECORDS. |
|---|---|
| 590443 | |

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement Identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ **CONTINUATION:** Effectiveness of the Financing Statement Identified above with respect to security Interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ **ASSIGNMENT:** (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☑ Debtor _or_ ☐ Secured Party of record. Check only _one_ of these two boxes.
Also check _one_ of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.     ☐ DELETE name: Give record name to be deleted in item 6a or 6b.     ☑ ADD name: Complete item 7a or7b, and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | |

7. CHANGED (NEW) OR ADDED INFORMATION:

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| ORR | SHAUNNA | LEE | |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 64978 N. POWDER RIVER LANE | NORTH POWDER | OR | 97867 | USA |

| 7d. ADDL. INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|
| | | | ☐ NONE |

8. **AMENDMENT (COLLATERAL CHANGE):** check only _one_ box.
Describe collateral ☐ deleted _or_ ☐ added, _or_ give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA acting through FARM SERVICE AGENCY | | | |
| OR 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | |

10. OPTIONAL FILER REFERENCE DATA

404 **FILING OFFICE COPY -- NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 8/02)**

1006596907

590443-3
01/03/07 04:39 PM
OR Sec. of State

## UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY
A. NAME & PHONE OF CONTACT AT FILER [optional]
541-523-7121

B. SEND ACKNOWLEDGEMENT TO: (Name and Address)

⌐ United States of America acting through Farm
 Service Agency
 3990 Midway Drive
 Baker City, OR 97814

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # | 1b. | This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or record) in the REAL ESTATE RECORDS. |
|---|---|---|
| 590443 | | |

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☑ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ **ASSIGNMENT:** (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☑ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in item 6 and/or 7.

☑ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.  |  ☐ DELETE name: Give record name to be deleted in item 6a or 6b.  |  ☐ ADD name: Complete item 7a or7b, and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:
6a. ORGANIZATION'S NAME

| OR | 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | Orr | David | Lavern | |

7. CHANGED (NEW) OR ADDED INFORMATION:
7a. ORGANIZATION'S NAME

| OR | 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 40108 Old Hwy 30 | Baker City | OR | 97814 | USA |

| 7d. | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

8. AMENDMENT (COLLATERAL CHANGE): check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9.NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.
9a. ORGANIZATION'S NAME
United States of America acting through Farm Service Agency

| OR | 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

10. OPTIONAL FILER REFERENCE DATA

404 FILING OFFICE COPY – NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 8/02)

OR Sec of Stal
02/06/2012

Lien #: 590443-4

590443-4_5756169

UCC

## UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER** [optional]
Erin McClure          541-523-7121

**B. SEND ACKNOWLEDGMENT TO:** (Name and Address)

Baker County Farm Service Agency Office
3990 Midway Drive
Baker City, OR  97814

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |
|---|---|
| 590443 FILED ON 06/14/2002 | |

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☑ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ **ASSIGNMENT** (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.
☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. **CURRENT RECORD INFORMATION:**

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. **CHANGED (NEW) OR ADDED INFORMATION:**

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

| 7d. | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any | ☐ NONE |
|---|---|---|---|---|---|

8. **AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral.   ☐ assigned.

9. **NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| United States of America acting through Farm Service Agency | | | |
| OR 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA
David Lavern Orr, Shaunna Lee Orr

404 **FILING OFFICE COPY** — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 3/10)

Complaint, Exhibit K, Page 1 of 1

FILED: MAY 22, 2017 01:58 PM
OREGON SECRETARY OF STATE

LIEN NO. 590443-5        ORR, DAVID LAVERN

## UCC FINANCING STATEMENT AMENDMENT    UCC
FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
MARIA LUJAN 541-889-9689

**B. E-MAIL CONTACT AT FILER (optional)**

**C. SEND ACKNOWLEDGMENT TO: (Name and Address)**

FARM SERVICE AGENCY
MALHEUR COUNTY FSA OFFICE
2925 SW 6TH AVE., SUITE 3
ONTARIO, OR 97914

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE NUMBER | 1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in Item 13 |
|---|---|
| 590443 FILED ON 06/14/2002 | |

**2.** ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement.

**3.** ☐ **ASSIGNMENT** (full or partial): Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

**4.** ☑ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

**5.** **PARTY INFORMATION CHANGE:**

Check one of these two boxes:        AND Check one of these three boxes:

This Change affects ☑ Debtor or ☐ Secured Party of Record    ☑ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c    ☐ ADD name: Complete item 7a or 7b, and item 7c    ☐ DELETE name: Give record name to be deleted in item 6a or 6b

**6.** CURRENT RECORD INFORMATION: Complete for Party Information Change – provide only one name (6a or 6b)

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| ORR | DAVID | LAVERN | |

**7.** CHANGED OR ADDED INFORMATION: Complete for Assignment or Party Information Change – provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 7a. ORGANIZATION'S NAME |
|---|
| OR 7b. INDIVIDUAL'S SURNAME |
| ORR |
| INDIVIDUAL'S FIRST PERSONAL NAME |
| DAVID |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) |
| LAVERN |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 46515 ANTHONY LAKES HWY | HAINES | OR | 97833 | USA |

**8.** ☐ **COLLATERAL CHANGE:** Also check one of these four boxes: ☐ ADD collateral ☐ DELETE collateral ☐ RESTATE covered collateral ☐ ASSIGN collateral
Indicate collateral:

**9.** NAME of SECURED PARTY of RECORD AUTHORIZING THIS AMENDMENT: Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing DEBTOR

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA ACTING THROUGH FARM SERVICE AGENCY | | | |
| OR 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

**10.** OPTIONAL FILER REFERENCE DATA:
DAVID LAVERN ORR, SHAUNNA LEE ORR

404 FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (Rev. 06/13)

FILED: MAY 22, 2017 01:59 PM
OREGON SECRETARY OF STATE

LIEN NO. 590443-6    ORR, SHAUNNA LEE

## UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS

UCC

**A. NAME & PHONE OF CONTACT AT FILER** (optional)
MARIA LUJAN 541-889-9689

**B. E-MAIL CONTACT AT FILER** (optional)

**C. SEND ACKNOWLEDGMENT TO:** (Name and Address)

FARM SERVICE AGENCY
MALHEUR COUNTY FSA OFFICE
2925 SW 6TH AVE., SUITE 3
ONTARIO, OR 97914

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE NUMBER | 1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS |
|---|---|
| 590443 FILED ON 06/14/2002 | Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13 |

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement.

3. ☐ **ASSIGNMENT** (full or partial): Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

4. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. **PARTY INFORMATION CHANGE:**

Check one of these two boxes: ☐    AND  Check one of these three boxes to:

This Change affects  ☑ Debtor or  ☐ Secured Party of Record     ☑ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c   ☐ ADD name: Complete item 7a or 7b, and item 7c   ☐ DELETE name: Give record name to be deleted in item 6a or 6b

6. **CURRENT RECORD INFORMATION:** Complete for Party Information Change – provide only one name (6a or 6b)

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR  6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| ORR | SHAUNNA | LEE | |

7. **CHANGED OR ADDED INFORMATION:** Complete for Assignment or Party Information Change – provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR  7b. INDIVIDUAL'S SURNAME | | | |
| ORR | | | |
| INDIVIDUAL'S FIRST PERSONAL NAME | | | |
| SHAUNNA | | | |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | |
| LEE | | | |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 46515 ANTHONY LAKES HWY | HAINES | OR | 97833 | USA |

8. ☐ **COLLATERAL CHANGE:** Also check one of these four boxes:  ☐ ADD collateral  ☐ DELETE collateral  ☐ RESTATE covered collateral  ☐ ASSIGN collateral
Indicate collateral:

9. **NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT:** Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing DEBTOR

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA ACTING THROUGH FARM SERVICE AGENCY | | | |
| OR  9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

10. **OPTIONAL FILER REFERENCE DATA:**
DAVID LAVERN ORR, SHAUNNA LEE ORR

404 FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (Rev. 06/13)

**EFS-1**



(5( 1003319703 6
http://w......................htm

**590442**
**06/14/02 08:30 AM**
**OR Sec. of State**

## FARM PRODUCTS FINANCING STATEMENT STANDARD FORM

### PLEASE TYPE OR PRINT LEGIBLY. READ INSTRUCTIONS BEFORE FILLING OUT FORM.

This FARM PRODUCT EFFECTIVE FINANCING STATEMENT is presented to the filing officer pursuant to ORS Chapter 79.6020 to 79.7010. This statement remains effective for a period of five years from the date of filing, subject to extensions for additional periods as provided for by ORS Chapter 79.

**A.  DEBTOR NAME(S)**

1.  ORR, DAVID LAVERN

2.

3.

DEBTOR MAILING ADDRESS:
64978 North Powder River Lane
North Powder, OR 97867

**B.  SECURED PARTY(IES) NAME AND ADDRESS**
UNITED STATES of AMERICA, acting through
FARM SERVICE AGENCY
3990 Midway Drive, Baker City, OR 97814

Contact Name: Barbara Chadwell    Phone No. 541-523-3621

**C.  ASSIGNEE(S) NAME AND ADDRESS** (if any)

Contact Name:                Phone No.:

**F.  FARM PRODUCT CODE**

DESCRIPTION/LOCATION (if applicable)

Products of collateral are also covered.

| D.  FARM PRODUCT CODE | COUNTY CODE | CROP YEAR (If applicable) | AMOUNT (If applicable) |
|---|---|---|---|
| 1001 | 01 | ALL | ALL |
| 1004 | 01 | ALL | ALL |
| 0204 | 01 | ALL | ALL |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**E.  SIGNATURES. SIGNATURE OF DEBTOR AND SECURED PARTY(IES) ARE REQUIRED.**

By: *David Lavern Orr*

By:

Debtor Signature(s)

By: *Barbara Chadwell*
Barbara Chadwell, Farm Loan Officer

By:

Secured Party Signature(s)

**RETURN ACKNOWLEDGMENT LETTER TO:** (Include name, address, and identifier for the debtor listed above. You may include collateral identifier limited to eight characters. REFER TO INSTRUCTION, NUMBER 5.) Please do not type or print outside of bracketed area.

FARM SERVICE AGENCY
3990 MIDWAY DRIVE
BAKER CITY, OR 97814

**FEES**
Make check for $10.00 payable
to "Corporation Division."

**NOTE:** Filing fees may be paid with VISA or MasterCard. The card number and expiration date should be submitted on a separate sheet of paper for your protection.

DO NOT SUBMIT DUPLICATES OF THIS FILING OR IT'S ATTACHMENTS.

CU406 (Rev. 6/2000)

Complaint, Exhibit N, Page 1 of 1

 **EFS-3** 
1010295605

590442-1
01/13/04 11:33 AM
OR Sec. of State

## STATEMENT OF TERMINATION, CONTINUATION, ASSIGNMENT, AMENDMENT
#### PLEASE TYPE OR PRINT LEGIBLY. READ INSTRUCTIONS BEFORE FILLING OUT FORM.

This FARM PRODUCT EFFECTIVE FINANCING STATEMENT is presented to the filing officer pursuant to ORS Chapter 80.100 to 80.130. This statement remains effective for a period of five years from the date of filing, subject to extensions for additional periods as provided for by ORS Chapter 80.115 (3)

**A. THIS STATEMENT REFERS TO ORIGINAL FINANCING STATEMENT**

No.: 590442                    Date Filed: 06-14-02

**B. TYPE OF AMENDMENT** (CHECK ALL BOXES THAT APPLY).

☐ **TERMINATION (NO FEE).** The Secured Party certifies that they no longer claim interest under the financing statement bearing the file number shown in SECTION A.

☐ **CONTINUATION.** Submitted within six months prior to expiration date.

☐ **ASSIGNMENT.** The Secured Party assigns to the Assignee whose name and address is shown in SECTION E and bearing the file number shown in SECTION A.

☑ **AMENDMENT.** Financing statement bearing file number shown in SECTION A is amended as described in SECTION G. **Signature of Debtor required in most cases.**

**C. DEBTOR NAME(S)**                                Mark One

1. DAVID LAVERN ORR                    ☐- Business ☒- Individual

2. _____          ☐- Business ☐- Individual

3. _____          ☐- Business ☐- Individual

                                      **If Individual, list last name first.**

DEBTOR MAILING ADDRESS:

64978 N. POWDER RIVER LANE            **NOTE:**
NORTH POWDER, OR 97867                Please use debtor(s) legal name
                                      (ORS Chapter 79:9-503)

**D. SECURED PARTY(IES) NAME AND ADDRESS**

UNITED STATES OF AMERICA acting through FARM SERVICE AGENCY
3990 MIDWAY DRIVE
BAKER CITY, OR 97814

Contact Name: ANN HURLEY             Phone No.: (541)523-7121

**E. ASSIGNEE NAME AND ADDRESS** (If any)

Contact Name:                        Phone No.:

**G. AMENDMENT INFORMATION**
Use this area to list collateral, Amendment description, and other information.

PLEASE AMEND TO ADD
ADDITIONAL DEBTOR:

SHAUNNA LEE ORR
64978 N. POWDER RIVER LANE
NORTH POWDER, OR 97867

**F. SIGNATURES.** In accordance with ORS Statutes, **ALL SECURED PARTIES must sign EFS-3 Filings.**

By: _____        By: _____

By: _____        By: _____
    Secured Party(ies) Signature         Debtor Signature(s) if required

RETURN TO (Please type within the box:)

BAKER COUNTY FSA
3990 MIDWAY DRIVE
BAKER CITY, OR 97814

**FEES**
Make check for $10.00 payable to "Corporation Division."
**No fee for Termination.**
NOTE: Filing fees may be paid with VISA or MasterCard. The card number and expiration date should be submitted on a separate sheet of paper for your protection.
**DO NOT SUBMIT DUPLICATES OF THIS FILING OR IT'S ATTACHMENTS.**

421 (Rev. 7/03)

Complaint, Exhibit O, Page 1 of 1



**EFS-3**



1006596807

590442-2
01/03/07 04:39 PM
OR Sec. of State

## STATEMENT OF TERMINATION, CONTINUATION, ASSIGNMENT, AMENDMENT

PLEASE TYPE OR PRINT LEGIBLY. READ INSTRUCTIONS BEFORE FILLING OUT FORM.

This FARM PRODUCT EFFECTIVE FINANCING STATEMENT is presented to the filing officer pursuant to ORS Chapter 79.6020 to 79.7010. This statement remains effective for a period of five years from the date of filing, subject to extensions for additional periods as provided for by ORS Chapter 79.

**A. THIS STATEMENT REFERS TO ORIGINAL FINANCING STATEMENT**

No.: 590442        Date Filed: 1/13/2004

**B. TYPE OF AMENDMENT** (CHECK ALL BOXES THAT APPLY).

☐ **LAPSE/TERMINATION (NO FEE)**. The Secured Party certifies that they no longer claim interest under the financing statement bearing the file number shown in SECTION A.

☑ **CONTINUATION. Submitted within six months prior to expiration date.**

☐ **ASSIGNMENT**. The Secured Party assigns to the Assignee whose name and address is shown in SECTION E and bearing the file number shown in SECTION A.

☑ **AMENDMENT**. Financing statement bearing file number shown in SECTION A is amended as described in SECTION G.

**G. AMENDMENT INFORMATION**
Use this area to list collateral, amendment description, and other information.

Change Debtor Address from
64978 North Powder River Ln
North Powder, OR 97867
to
40108 Old Hwy 30
Baker City, OR 97814

**C. DEBTOR NAME(S)**

Mark one
If Individual, list last name first.

1. Orr, David Lavern          ☐ - Business  ■ - Individual
2. Orr, Shaunna Lee           ☐ - Business  ☐ - Individual
3.                            ☐ - Business  ☐ - Individual

DEBTOR MAILING ADDRESS:
40108 Old Hwy 30
Baker City, OR 97814

**NOTE:**
Please use debtor(s) legal name
(ORS Chapter 79.0503)

**D. SECURED PARTY(IES) NAME AND ADDRESS**

United States of America acting through Farm Service Agency
3990 Midway Drive
Baker City, OR 97814

Contact Name: Nathan Wilson        Phone No.: 541-523-7121

**E. ASSIGNEE NAME AND ADDRESS (IF ANY)**

Contact Name:        Phone No.:

Debtor        Secured Party

**RETURN TO** (Please type within the box):

United States of America acting through Farm
Service Agency
3990 Midway Drive
Baker City, OR 97814

**FEES**
Make check for $10.00 payable to "Corporation Division."
No fee for Termination.
NOTE: Filing fees may be paid with VISA or MasterCard. The card number and expiration date should be submitted on a separate sheet of paper for your protection.

DO NOT SUBMIT DUPLICATES OF THIS FILING OR ITS ATTACHMENTS

421 (Rev. 01/06)



ORR, DAVID LAVERN                     OR Sec of State
                                      02/06/2012


590442-3_5756168

**EFS**    Lien#: 590442-3                                    EFS

                        FilingInOregon.com              (Reserved for Filing Officer Use)

## Statement Of Termination, Continuation, Assignment, Amendment
PLEASE TYPE OR PRINT LEGIBLY. READ INSTRUCTIONS BEFORE FILLING OUT FORM.

**A. THIS STATEMENT REFERS TO ORIGINAL FINANCING STATEMENT NUMBER:** 590442     **DATE FILED:** 06/14/2002

This filing supersedes all previous information associated with this filing number. Please complete this form with all the current information.

**B. TYPE OF AMENDMENT** (CHECK **ALL** BOXES THAT APPLY)

☐ **LAPSE/TERMINATION (NO FEE).** The Secured Party certifies that they no longer claim interest under the financing statement bearing the file number shown in SECTION A.

☑ **CONTINUATION. Submitted within six months prior to expiration date.**

☐ **ASSIGNMENT.** The Secured Party assigns to the Assignee whose name and address is shown in SECTION F and bearing the file number shown in SECTION A.

**C. NAME(S) OF PERSON(S) SUBJECTING FARM PRODUCTS TO THE SECURITY INTEREST**

| | Mark One: If individual, list last name first. |
|---|---|
| 1. Orr, David Lavern | ☐ - Business  ☑ - Individual |
| 2. Orr, Shaunna Lee | ☐ - Business  ☑ - Individual |
| 3. | ☐ - Business  ☐ - Individual |

**D. MAILING ADDRESS**

1. 40108 Old Hwy 30, Baker City, OR 97814
2. 40108 Old Hwy 30, Baker City, OR 97814
3.

**E. SECURED PARTY NAME(S) AND ADDRESS(ES)**

1. UNITED STATES OF AMERICA acting thru FARM SERVICE AGENCY
2. 3990 Midway Drive
3. Baker City, Oregon 97814

**F. ASSIGNEE NAME AND ADDRESS** (If Any)

1.
2.
3.

**G.**

| FARM PRODUCT CODE | | COUNTY CODE | | CROP YEAR (If applicable) | | AMOUNT (If applicable) |
|---|---|---|---|---|---|---|
| 1001 | - | 001 | - | ALL | - ALL | |
| 1004 | - | 001 | - | ALL | - ALL | |
| 0204 | - | 001 | - | ALL | - ALL | |
| 0201 | - | 001 | - | ALL | - ALL | |
| | - | | - | | - | |
| | - | | - | | - | |

---

Debtor _____        Secured Party _____

The requirement that a document be signed, authorized or otherwise authenticated by the debtor is satisfied if the debtor has executed a security agreement against a security interest in the farm products to the secured party ORS Ch. 80.115 (7)

**RETURN TO (Please type within the box)**

Baker County Farm Service Agency
3990 Midway Drive
Baker City, OR 97814

**FEES**
Make check for $15.00 payable to "Corporation Division."
**No fee for Termination**
Note: Filing fees may be paid with Visa or MasterCard. The card number and expiration date should be submitted on a separate sheet of paper for your protection.

**DO NOT SUBMIT DUPLICATES OF THIS FILING OR ITS ATTACHMENTS**

421 (01/12)

 **EFS-3**

STATE OF
Corporation D
255 Capitol St
Salem, OR
(503)986-2200 F:
http://www.Filin




FILED: May 22, 2017 02:01 PM
OREGON SECRETARY OF STATE

EFS        LIEN NO. 590442-4        ORR, DAVID LAVERN

## Statement Of Termination, Continuation, Assignment, Amendment

PLEASE TYPE OR PRINT LEGIBLY. READ INSTRUCTIONS BEFORE FILLING OUT FORM.

**A.  THIS STATEMENT REFERS TO ORIGINAL FINANCING STATEMENT NUMBER:** 590442        **DATE FILED:** 06/14/2002

This filing supersedes all previous information associated with this filing number. Please complete this form with all the current information.

**B.  TYPE OF AMENDMENT** (CHECK ALL BOXES THAT APPLY)

☐ **LAPSE/TERMINATION (NO FEE).** The Secured Party certifies that they no longer claim interest under the financing statement bearing the file number shown in SECTION A.

☒ **CONTINUATION.** Submitted within six months prior to expiration date.

☐ **ASSIGNMENT.** The Secured Party assigns to the Assignee whose name and address is shown in SECTION F and bearing the file number shown in SECTION A.

**C.  NAME(S) OF PERSON(S) SUBJECTING FARM PRODUCTS TO THE SECURITY INTEREST**

**Mark One:**
If Individual, list last name first.

1. ORR, DAVID LAVERN          ☐ - Business  ☒ - Individual

2. ORR, SHAUNNA LEE           ☐ - Business  ☒ - Individual

3. _____        ☐ - Business  ☐ - Individual

**D.  MAILING ADDRESS**

1. 46515 ANTHONY LAKES HWY., HAINES, OR 97833

2. 46515 ANTHONY LAKES HWY., HAINES, OR 97833

3. _____

**E.  SECURED PARTY NAME(S) AND ADDRESS(ES)**

1. UNITED STATES OF AMERICA ACTING THRU FARM SERVICE AGENCY

2. 3990 MIDWAY DRIVE, BAKER CITY, OR 97814

3. _____

**F.  ASSIGNEE NAME AND ADDRESS** (If any)

1. _____

2. _____

3. _____

| G.  FARM PRODUCT CODE | COUNTY CODE | CROP YEAR (If applicable) | AMOUNT (If applicable) |
|---|---|---|---|
| 1001 | 001 | ALL | ALL |
| 1004 | 001 | ALL | ALL |
| 0204 | 001 | ALL | ALL |
| 0201 | 001 | ALL | ALL |
|  |  |  |  |
|  |  |  |  |

Debtor _____        Secured Party  JON MILLS, FARM LOAN MANAGER

The requirement that a document be signed, authorized or otherwise authenticated by the debtor is satisfied if the debtor has executed a security agreement against a security interest in the farm products to the secured party ORS Chapter 80.115 (7).

**RETURN TO:**

FARM SERVICE AGENCY

2925 SW 6TH AVE., SUITE 3

ONTARIO, OR 97914

**FEES**

Make check for $15.00 payable to "Corporation Division"

Note: Filing fees may be paid with VISA, MasterCard, American Express or Discover card. The card number and expiration date should be submitted on a separate sheet of paper for your protection.

**DO NOT SUBMIT DUPLICATES OF THIS FILING OR ITS ATTACHMENTS**

EFS-3 Statement of Termination, Continuation, Assignment, Amendment (03/14)

Complaint, Exhibit R, Page 1 of 1

44-09

REPRODUCE LOCALLY. Include form number and date on all reproductions.

**FSA-1940-17**
(10-26-99)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

**PROMISSORY NOTE**

| 8. KIND OF LOAN | | |
|---|---|---|
| Type: FO | XX | Regular |
| | | Limited Resource |
| Pursuant to: | | |
| XX | Consolidated Farm & Rural Development Act | |
| | Emergency Agricultural Credit Adjustment Act of 1978 | |

| 1. Name | | |
|---|---|---|
| David L. and Shaunna L. Orr | | |

| 2. State | 3. County |
|---|---|
| Oregon | Baker |

| 4. Case Number | 5. Date |
|---|---|
| 43-001-544250649 | 10-14-05 |

| 6. Fund Code | 7. Loan Number |
|---|---|
| 41 | 09 |

**9. ACTION REQUIRING NOTE**

| | | |
|---|---|---|
| XX | Initial loan | Rescheduling |
| | Subsequent loan | Reamortization |
| | Consolidated & subsequent loan | Credit sale |
| | Consolidation | Deferred payments |
| | Conservation easement | Debt write down |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in 3990 Midway Drive, Baker City, Oregon 97814

_____, or at such other place as the Government may later designate in writing, the principal sum of

Two-hundred thousand and 00/100-------------------------------------------------------------- dollars

($ 200,000.00 ), plus interest on the unpaid principal balance at the **RATE** of

Four and seven-eighths--------------------------------------------- percent ( 4.875 %) per annum and

Zero----------------------------------------------------------- dollars ($ 0.00 )

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farm Service Agency, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in Forty (40) installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| $ | | on | ; $ | | on | ; |
|---|---|---|---|---|---|---|
| 3,250.00 | | 12/31/05 | 11,556.00 | | 12/31/06 | |
| 11,556.00 | | 12/31/07 | 11,556.00 | | 12/31/08 | |
| 11,556.00 | | 12/31/09 | 11,556.00 | | 12/31/10 | |
| 11,556.00 | | 12/31/11 | 11,556.00 | | 12/31/12 | |
| 11,556.00 | on | 12/31/13 | 11,556.00 | on | 12/31/14 | |
| 11,556.00 | on | 12/31/15 | 11,556.00 | on | 12/31/16 | |

and $ 11,556.00 thereafter on 12/31 of each year until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable Forty (40) years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorized the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

*Position 2*

**FSA-1940-17** (10-26-99)                                                                                                                                                    Page 2 of 3

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INTEREST RATE | DATE (include year) | ORIGINAL BORROWER | LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.



**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD). USDA is an equal opportunity provider and employer.

FSA-1940-17 (10-26-99)                                                                          Page 3 of 3

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the appropriate conservation district in accordance with NRCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district in accordance with NRCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

David L. Orr                                                                                      *(Borrower)*

Shaunta L. Orr

40108 Old Hwy. 30

Baker City, OR 97814

## RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| $200,000 | 10-21-05 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | TOTAL | $200,000 | |

Form Approved - OMB No. 0560-0237

This form is available electronically.

*(See Page 4 for Privacy Act and Public Burden Statements.)*

| FSA-2026<br>(12-31-07) | U.S. DEPARTMENT OF AGRICULTURE<br>Farm Service Agency | Position 2 |
| --- | --- | --- |

## PROMISSORY NOTE

COPY

| 1. Name<br>DAVID L. AND SHAUNNA L. ORR | 2. State<br>OREGON | 3. County<br>BAKER |
| --- | --- | --- |

| 4. Case Number<br>43 001 544250649 | 5. Fund Code<br>41 | 6. Loan Number<br>11 | 7. Date<br>11/05/2008 |
| --- | --- | --- | --- |

| 8. TYPE OF ASSISTANCE<br>FO-BF-REG | 9. ACTION REQUIRING PROMISSORY NOTE: |
| --- | --- |

9. ACTION REQUIRING PROMISSORY NOTE:

☐ Initial loan    ☐ Conservation easement    ☐ Deferred payments

☐ Subsequent loan    ☐ Rescheduling    ☐ Debt write down

☐ Consolidation    ☑ Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in (a) 3990 MIDWAY DRIVE, BAKER CITY, OR 97814 or at such other place as the Government may later designate in writing, the principal sum of (b) TWO HUNDRED FOURTEEN THOUSAND FOUR HUNDRED SIXTY TWO------- AND 28/100---------- dollars (c) ($ 214,462.28--------------- , plus interest on the unpaid principal balance at the **RATE** of (d) FOUR AND SEVEN EIGHTHS------------------------------ percent (e) 4.875 %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in (a) THIRTY-SIX (36) installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
| --- | --- | --- | --- |
| $ 12,754.00 | 11/5/2009 | $ N/A | N/A |
| $ N/A | N/A | $ N/A | N/A |
| $ N/A | N/A | $ N/A | N/A |
| $ N/A | N/A | $ N/A | N/A |

and (d) $ 12,754.00 thereafter on the (e) 11/5 of each (f) YEAR until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable (g) THIRTY-SIX (36) years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed. Borrower authorizes FSA to enter the amounts and dates of such advances in the Record of Advances.

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, or call (800) 795-3272 (voice) or (202) 720-6382 (TDD). USDA is an equal opportunity provider and employer.*

Initial _SO_    Date _1-28-09_

FSA-2026 (12-31-07)                                                                 Page 2 of 4

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (include year) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| 41/09 | $ 200,000.00 | 4.875 % | 10/14/2005 | DAVID L. ORR AND SHAUNNA L. ORR | 10/14/2045 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

Initial _____    Date 1-28-09

FSA-2026 (12-31-07)                                                                 Page 3 of 4

20.  The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21.  Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute **DEFAULT** under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22.  This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8.  This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23.  Presentment, protest, and notice are waived.


DAVID L. ORR
40110 OLD HIGHWAY 30
BAKER CITY, OREGON 97814


SHAUNNA L. ORR
40110 OLD HIGHWAY 30
BAKER CITY, OREGON 97814

Complaint, Exhibit T, Page 3 of 4

FSA-2026 (12-31-07)                                                                                        Page 4 of 4

## 24. RECORD OF ADVANCES

| A. AMOUNT | B. DATE | A. AMOUNT | B DATE | A. AMOUNT | B. DATE |
|---|---|---|---|---|---|
| (1) $ | | (8)  $ | | (15) $ | |
| (2) $ | | (9)  $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | C. TOTAL: | $ | |

NOTE: *The following statements are made in accordance with the Privacy Act of 1974 (5 USC 552a): the Farm Service Agency (FSA) is authorized by the Consolidated Farm and Rural Development Act, as amended (7 USC 1921 et seq.), or other Acts, and the regulations promulgated thereunder, to solicit the information requested on its application forms.  The information requested is necessary for FSA to determine eligibility for credit or other financial assistance, service your loan, and conduct statistical analyses.  Supplied information may be furnished to other Department of Agriculture agencies, the Internal Revenue Service, The Department of Justice or other law enforcement agencies, the Department of Defense, the Department of Housing and Urban Development, the Department of Labor, the United States Postal Service, or other Federal, State, or local agencies as required or permitted by law.  In addition, information may be referred to interested parties under the Freedom of Information Act (FOIA), to financial consultants, advisors, lending institutions, packagers, agents, and private or commercial credit sources, to collection or servicing contractors, to credit reporting agencies, to private attorneys under contract with FSA or the Department of Justice, to business firms in the trade area that buy chattel or crops or sell them for commission, to Members of Congress or Congressional staff members, or to courts or adjudicative bodies.  Disclosure of the information requested is voluntary  However, failure to disclose certain items of information requested, including your Social Security Number or Federal Tax identification Number, may result in a delay in the processing of an application or its rejection.*

*According to the Paperwork Reduction to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number.  The valid OMB control number for this information collection is 0560-0237.  The time required to complete this information collection is estimated  to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.*

Initial _____    Date 1-28-11

FSA 1927-1M OR
(05-12-05)

Position 5

**UNITED STATES DEPARTMENT OF AGRICULTURE**
Farm Service Agency

**MORTGAGE FOR OREGON**

After recording, return this document to:

Baker County Farm Service Agency
3990 Midway Drive
Baker City, OR 97814

B05 43 0067
Re-Record
B08 45 0223

COP

This Space Reserved For County Filing Officer Use Only

Elkhorn Title Company #15870

RE-RECORDED TO ADD DATE OF INSTRUMENT , *Previously recorded in B05 43 0067*

THIS MORTGAGE ("instrument") is made on *October 14* , 20 _05_ . The mortgagor is David L. and Shaunna L. Orr

("Borrower") whose mailing address is _40108 Old Hwy. 30_

Baker City, OR 97814 . This instrument is given to the United States of America, acting through the Farm Service Agency, United States Department of Agriculture ("Government") located at _3990 Midway Drive_

Baker City, OR 97814

This instrument secures the following promissory notes, assumption agreements, and/or shared appreciation agreements (collectively called "note"), which have been executed or assumed by Borrower unless otherwise noted, are payable to the Government, and authorize acceleration of the entire debt upon any default:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| 10-14-2005 | 200,000.00 | 4.875 | 12/31/2044 |

SD 11-6-08
DR 11-6-08

(The interest rate for any limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as provided in Government regulations and the note.)

By execution of this instrument, Borrower acknowledges receipt of all of the proceeds of the loan or loans evidenced by the above note.

**This instrument secures to the Government:** (1) payment of the note and all extensions, renewals, and modifications thereof; (2) recapture of any amount due under any Shared Appreciation Agreement entered into pursuant to 7 U.S.C. § 2001; (3) payment of all advances and expenditures, with interest, made by the Government; and (4) the obligations and covenants of Borrower set forth in this instrument, the note, and any other loan agreements.

In consideration of any loan made by the Government under the Consolidated Farm and Rural Development Act, 7 U.S.C. § 1921 et seq. as evidenced by the note, Borrower irrevocably mortgages, grants and conveys to Government the following described property situated in the State of Oregon, County or Counties of _Baker_ :

All that portion of the East half of the Northwest quarter and the Northwest quarter of the Northwest quarter of Section 34, Township 9 South, Range 40 East of the Willamette Meridian, in the County of Baker and State of Oregon, lying Northeasterly of the Oregon-Washington Railroad & Navigation Company (Union Pacific Railroad) right of way, and Southwesterly of the old U.S. Highway No. 30 right of way;
EXCEPTING THEREFROM the following described portion of the Northwest quarter of the Northwest quarter: Beginning at a point where the North line of said Northwest quarter of the Northwest quarter and the Easterly right of way line of the Oregon-Washington Railroad & Navigation Company

Initial _____ date _10-14-05_                    FSA-1927-1M OR (05-12-05) *Page 1 of 6*

507 940 34 800 #8112



B08 45 0224



B05 43 0068

(Union Pacific Railroad) right of way intersect;
thence Southeasterly 360 feet along the Easterly right of way line of said highway;
thence East 140 feet;
thence North 100 feet;
thence East to the Westerly right of way line of said Old U.S. Highway No. 30;
thence Northeasterly along said Westerly right of way line, to the North line of the Northwest quarter;
thence West along said North line, to the point of beginning.

**(For Additional Legal Description, See Exhibit "A" Attached)**

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, fixtures, hereditaments, appurtenances, and improvements now or later attached thereto (including, but not limited to, irrigations systems, including pumps, motors, electrical panels, pipe, sprinklers, and other accessories pertaining thereto; seed cleaning and storage systems, including cleaners, elevators, pipe, scales, baggers, fans, motors, electrical panels, and other accessories pertaining thereto; milking, milk handling, and milk storage systems, and other accessories pertaining thereto; manure handling systems; livestock feeding systems; whether or not attached to the real estate), the rents, issues and profits thereof, revenues and income therefrom, all water, water rights, water certificates, water permits, water allotments, and water stock pertaining thereto no matter how evidenced, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, or condemnation of any part thereof or interest therein (collectively called "the property"). This instrument constitutes a security agreement and financing statement under the Uniform Commercial Code and creates a security interest in all items which may be deemed to be personal property, including but not limited to proceeds and accessions, that are now or hereafter included in, affixed, or attached to "the property."

Borrower COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the property and that the property is unencumbered, except for encumbrances of record. Borrower warrants and will defend the title to the property against all claims and demands, subject to any encumbrances of record.

This instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform mortgage covering real property.

UNIFORM COVENANTS. Borrower COVENANTS AND AGREES as follows:

1. **Payment.** Borrower shall pay promptly when due any indebtedness to the Government secured by this instrument.
2. **Fees.** Borrower shall pay to the Government such fees and other charges that may now or later be required by Government regulations.
3. **Application of payments.** Unless applicable law or Government's regulations provide otherwise all payments received by the Government shall be applied in the following order of priority:  (a) to advances made under this instrument;  (b) to accrued interest due under the note;  (c) to principal due under the note; (d) to late charges and other fees and charges.
4. **Taxes, liens, etc.** Borrower shall pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.
5. **Assignment.** Borrower grants and assigns as additional security all the right, title and interest in: (a) the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or taking by eminent domain or otherwise of any part of the property, or for conveyance in lieu of condemnation; (b) all bonuses, rentals, royalties, damages, delay rentals and income that may be due or become due and payable to the Borrower or Borrower's assigns under any existing or future oil, gas, mining or mineral lease covering any portion of the property; and  (c) all rents, issues, profits, income and receipts from the property and from all existing or future leases, subleases, licenses, guaranties and any other agreements for the use and occupancy of any portion of the property, including any extensions, renewals, modifications or substitutions of such agreements. Borrower warrants the validity and enforceability of this assignment.

Borrower authorizes and directs payment of such money to the Government until the debt secured by this instrument is paid in full. Such money may, at the option of the Government, be applied on the debt whether due or not. The Government shall not be obligated to collect such money, but shall be responsible only for amounts received by the Government. In the event any item so assigned is determined to be personal property, this instrument will also be regarded as a security agreement.

Borrower will promptly provide the Government with copies of all existing and future leases. Borrower warrants that as of the date of executing this instrument no default exists under existing leases. Borrower agrees to maintain, and to require the tenants to comply with, the leases and any applicable law. Borrower will obtain the Government's written authorization before Borrower consents to sublet, modify, cancel, or otherwise alter the leases, or to assign, compromise, or encumber the leases or any future rents. Borrower will hold the Government harmless and indemnify the Government for any and all liability, loss or damage that the Government may incur as a consequence of this assignment.

Initial _____ date 10-14-05

FSA-1927-1M OR (05-12-05) *Page 2 of 6*

Complaint, Exhibit U, Page 2 of 9



BOB 45 0225



**B05 43 0069**

6.   **Insurance.** Borrower shall keep the property insured as required by and under insurance policies approved by the Government and, at its request, deliver such policies to the Government. If property is located in a designated flood hazard area, Borrower also shall keep property insured as required by 42 U.S.C. § 4001 et seq. and Government regulations. All insurance policies and renewals shall include a standard mortgagee clause.

7.   **Advances by Government.** The Government may at any time pay any other amounts required by this instrument to be paid by Borrower and not paid by Borrower when due, as well as any cost for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. Advances shall include, but not be limited to, advances for payments of real property taxes, special assessments, prior liens, hazard insurance premiums, and costs of repair, maintenance, and improvements. All such advances shall bear interest at the same rate as the note which has the highest interest rate. All such advances, with interest, shall be immediately due and payable by Borrower to the Government without demand. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any secured debt to the Government, in any order the Government determines.

8.   **Protection of lien.** Borrower shall pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and its priority and the enforcement or compliance with this instrument and the note. Such expenses include, but are not limited to: costs of evidence of title to, and survey of, the property, costs of recording this and other instruments; attorneys' fees, trustees' fees; court costs, and expenses of advertising, selling, and conveying the property.

9.   **Authorized purposes.** Borrower shall use the loan evidenced by the note solely for purposes authorized by the Government.

10.   **Repair and operation of property.** Borrower shall: (a) maintain improvements in good repair; (b) make repairs required by the Government; (c) comply with all farm conservation practices and farm management plans required by the Government; and (d) operate the property in a good and husbandlike manner. Borrower shall not (e) abandon the property; (f) cause or permit waste, lessening or impairment of the property; or (g) cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals without the written consent of the Government, except as necessary for ordinary domestic purposes.

11.   **Legal compliance.** Borrower shall comply with all laws, ordinances, and regulations affecting the property.

12.   **Transfer or encumbrance of property.** Except as provided by Government regulations, the Borrower shall not lease, assign, sell, transfer, or encumber, voluntarily or otherwise, any of the property without the written consent of the Government. The Government may grant consents, partial releases, subordinations, and satisfactions in accordance with Government regulations.

13.   **Inspection.** At all reasonable times the Government may inspect the property to ascertain whether the covenants and agreements contained in this instrument are being performed.

14.   **Hazardous substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the property. The preceding sentence shall not apply to the presence, use, or storage on the property of small quantities of hazardous substances that are generally recognized to be appropriate to normal use and maintenance of the property. Borrower covenants that Borrower has made full disclosure of any such known, existing hazardous conditions affecting the property. Borrower shall not do, nor allow anyone else to do, anything affecting the property that is in violation of any federal, state, or local environmental law or regulation. Borrower shall promptly give the Government written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations. As used in this paragraph, "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means Federal laws and regulations and laws and regulations of the jurisdiction where the property is located that relate to health, safety or environmental protection.

15.   **Adjustment; release; waiver; forbearance.** In accordance with Government regulations, the Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on the note, (d) release any party who is liable under the note from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's liability to the Government for payment of the note secured by this instrument unless the Government provides otherwise in writing. HOWEVER, any forbearance by the Government - whether once or often - in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

16.   **Graduation.** If the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such a loan in sufficient amount to pay the note secured by this instrument and to pay for stock necessary to be purchased in a cooperative lending agency in connection with such loan.

17.   **Forfeiture.** Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in the Government's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien created by this instrument or the Government's security interest. Borrower may cure such default by causing the action or proceeding to be dismissed with a ruling that precludes forfeiture of the Borrower's interest in the property or other material impairment of the lien created by this security instrument or the Government's security interest.

18.   **False statement.** Borrower also shall be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to the Government (or failed to provide the Government with any material information) in connection with the loan evidenced by the note.

19.   **Cross Collateralization.** Default under this instrument shall constitute default under any other security instrument held by the Government and executed or assumed by Borrower. Default under any other security instrument shall constitute default under this instrument.

20.   **Highly erodible land; wetlands**. Any loan secured by this instrument will be in default if Borrower uses any loan proceeds for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 C.F.R. part 1940, subpart G, or any successor Government regulation.

Initial _____ date  10·14·05

FSA-1927-1M OR (05-12-05) *Page 3 of 6*



B08 45 0226      B05 43 0070

21.  **Non-discrimination.**  If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so  (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, disability, familial status or age, and  (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, disability, familial status or age.

22.  **Notices.**  Notices given under this instrument shall be sent by certified mail unless otherwise required by law.  Such notices shall be addressed, unless and until some other address is designated in a notice, in the case of the Government to the State Executive Director of the Farm Service Agency at the mailing address shown above, and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the mailing address shown above).

23.  **Governing law; severability.**  This instrument shall be governed by Federal law.  If any provision of this instrument or the note or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this instrument or the note which can be given effect without the invalid provision or application.  The provisions of this instrument are severable.  This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the express provisions hereof.  All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise; and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

24.  **Successors and assigns; joint and several covenants.**  The covenants and agreements of this instrument shall bind and benefit the successors and assigns of Government and Borrower.  Borrower's covenants and agreements shall be joint and several.  Any Borrower who co-signs this instrument but does not execute the Note: (a) is co-signing this instrument only to mortgage, grant and convey that Borrower's interest in the property under this instrument;  (b) is not personally obligated to pay the sums secured by this instrument; and  (c) agrees that the Government and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this instrument or the note without that Borrower's consent.

25.  **No merger.**  If this instrument is on a leasehold, Borrower shall comply with all the provisions of the lease.  If Borrower acquires fee title to the property, the leasehold and the fee title shall not merge unless the Government agrees to the merger in writing.  If the property is conveyed to the Government, title shall not merge (unless the Government elects otherwise) and the lien provided under this instrument shall not be affected by such conveyance.

26.  **Time is of the essence.**  Time is of the essence in the Borrower's performance of all duties and obligations under this instrument.

NON-UNIFORM COVENANTS.  Borrower further COVENANTS AND AGREES as follows:

27.  **Default; death; incompetence; bankruptcy.**  Should default occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the Borrower die or be declared incompetent, or should the Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may:  (a) declare the entire amount unpaid under the note and any debt to the Government hereby secured immediately due and payable,  (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of, and take possession of, operate or rent the property,  (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases,  (d) foreclose this instrument and sell the property as prescribed by law; and (e) enforce any and all other rights and remedies provided herein or by present or future law.

28.  **State law.**  Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of any action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest it may charge, as a condition of approving a transfer of the property to a new Borrower.  Borrower expressly waives the benefit of any such State laws.

29.  **Assignment of leases and rents.**  Borrower agrees that the assignment of leases and rents in this instrument is immediately effective on the recording of this instrument.  Upon default, the Borrower will receive any rents in trust for the Government, and Borrower will not commingle the rents with any other funds.  Any amounts collected shall be applied at the Government's discretion first to costs of managing, protecting and preserving the property, and to any other necessary related expenses.  Any remaining amounts shall be applied to reduce the debt evidenced by the note(s).  Borrower agrees that the Government may demand that Borrower and Borrower's tenants pay all rents due or to become due directly to the Government if the Borrower defaults and the Government notifies Borrower of the default.  Upon such notice, Borrower will endorse and deliver to the Government any payments of rents.  If the Borrower becomes subject to a bankruptcy, then Borrower agrees that the Government is entitled to receive relief from the automatic stay in bankruptcy for the purpose of enforcing this assignment.

30.  **Application of foreclosure proceeds.**  The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with this instrument, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all other debt to the Government secured by this instrument, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other debt of Borrower to the Government and (f) any balance to Borrower.  If the Government is the successful bidder at foreclosure or other sale of all or any part of the property, the Government may pay its share of the purchase price by crediting such amount on any debts of Borrower owing to the Government, in the order prescribed above.



Initial _____ date 10·14·05

Complaint, Exhibit U, Page 4 of 9

808 45 0227   B05 43 0071

By signing below, Borrower accepts and agrees to the terms and covenants contained in this instrument and in any rider executed by Borrower and recorded with this instrument.

For Entities:                                          For Individuals:

_____
*(Name of Borrower)*

By: _____ (SEAL)    _____ (SEAL)
                                       David L. Orr

By: _____ (SEAL)    _____ (SEAL)
                                       Shauma L. Orr

By: _____ (SEAL)    _____ (SEAL)

Attest: _____ (SEAL)    _____ (SEAL)

          [Entity Seal]

ACKNOWLEDGMENTS

STATE OF OREGON

COUNTY OF   Baker            } ss.      (Individuals)

On this   14   day of  October  , 20  05 , before me personally appeared  David L Orr
and  Shauna L Orr
                        *(Name(s) of persons acknowledging)*
known to me to be the same person whose name is subscribed to the foregoing instrument, and acknowledged that he, she, or they signed and delivered the instrument as his, her, or their free and voluntary act, for the uses and purposes set forth.

_____
OFFICIAL SEAL
BEVERLY J. WHITE
NOTARY PUBLIC-OREGON          NOTARY PUBLIC of and for the State of Oregon
COMMISSION NO. 387637
MY COMMISSION EXPIRES JANUARY 9, 2009   My Commission expires: _____

STATE OF OREGON

COUNTY OF _____    } ss.      (Partnership)

The foregoing instrument was acknowledged before me this _____ day of _____ , 20 _____ , by
_____ , Partners,
                        *(Names of acknowledging partners)*
on behalf of _____ , a (n) _____ Partnership.
            *(Name of partnership)*                    *(State in which partnership created)*

_____
NOTARY PUBLIC of and for the State of Oregon
My Commission expires: _____

*Note: Page 6 of 6 applies to corporation, limited liability company and trust entities only, and will not be recorded for individuals or partnership entities.*

Initial _____ date 10·14·05                    FSA-1927-1M OR (05-12-05) *Page 5 of 6*

B08 45 0228          B05 43 0072

Re - Recorp

STATE OF OREGON )
COUNTY OF BAKER )
I CERTIFY THAT THIS
INSTRUMENT WAS RECEIVED
AND RECORDED IN THE BOOK
OF RECORDS OF SAID COUNTY
TAMARA J. GREEN, BAKER CO. CLERK
BY _____ DEPUTY
DOC#: 08450223B
11/06/2008 11:00 AM
REFUND:    .00      51.00

CK

STATE OF OREGON )
County of Baker ) SS

I certify that this instrument was
received and recorded in the book of
records of said county.

Tamara J. Green
Baker County Clerk

by: _____ Deputy.
DOC#:    05430067B
RCPT:    89750           51.00
10/21/2005  3:55 PM
REFUND: ETC CHG          .00

After recording return to:
Baker County FSA
3990 Midway Drive
Baker City, OR 97814
(Rev. 06-99)



Re-Record
B09 07 0119



Position 5
THIS DOCUMENT BEING RE-RECORDED TO AMEND THE PRINCIPAL
AMOUNT NOW SECURED. PREVIOUSLY RECORDED IN B08 45 0229.

UNITED STATES DEPARTMENT OF AGRICULTURE
FARM SERVICE AGENCY

## EXTENSION OR REAMORTIZATION AGREEMENT

This agreement is made and entered into by DAVID L. ORR AND SHAUNNA L. ORR, herein called
"Borrower," and the UNITED STATES OF AMERICA, acting through the FARM SERVICE AGENCY,
(successor agency to the Farmers Home Administration), United States Department of Agriculture, herein called
"Government", witnesseth:

WHEREAS, the Borrower is indebted to the Government, as evidenced by one or more promissory note(s),
assumption agreement(s), shared appreciation agreement(s), agreement(s) to suspend payment of shared
appreciation, buyout agreement(s), or interest credit recapture agreement(s), herein called "note," which has
been executed or assumed by the Borrower; and

WHEREAS, as security for the repayment of the indebtedness evidenced by said note(s) and any renewals and
extensions thereof and any agreements contained therein the Borrower granted unto the Government the
following described real estate mortgage(s) or deed(s) of trust, herein called "security instrument", executed or
assumed by the Borrower and recorded in the Mortgage Records of BAKER County, State of Oregon, to wit:

| Date of Security Instrument | Date of Recording | Recording Instrument No. | Volume or Book No. | Page Number |
|---|---|---|---|---|
| October 14, 2005 | October 21, 2005 | B05 43 0067 | | |

WHEREAS, the Borrower has requested that the Government restructure the payment terms or amount due
under the note; and

WHEREAS, the Government is willing to restructure, reschedule, reamortize, or extend the repayment terms of
the existing indebtedness as authorized under Subparts G or S of 7 CFR Part 1951, or Subparts A or C of 7 CFR
Part 1965.

NOW, THEREFORE, the parties, for themselves, their heirs, executors, administrators, and assigns, hereby
mutually agree that the time provided in the security instrument for payment of the sum (including advances and
accruals) now secured thereby, the rate of interest on the indebtedness secured thereby, or the amount of
indebtedness secured thereby is modified as described below, to wit:

| Date of Restructured Note | Principal Amount Now Secured | Annual Rate of Interest | Final Restructured Installment Due |
|---|---|---|---|
| November 5, 2008 | $214,893.62 214,462.28 | 4.875% | October 14, 2045 |

  B09 07 0120    B08 45 0230

It is expressly understood and agreed that the said security instrument(s) shall remain in full force and effect in all respects as if terms and provisions remained as originally provided, and that nothing herein shall affect or impair any rights and powers which the Government may have thereunder for the recovery of the said secured indebtedness with interest in case of the non-fulfillment of this agreement and the Borrower hereby covenants and agrees that the Borrower will perform and observe the covenants and conditions of the said security instrument(s) as modified, and that the Borrower will pay the principal and interest (including advances and accruals) as evidenced by said modified note(s) secured by said security instrument(s) when due.

**DATED** this 5th day of November, 2008.

UNITED STATES of AMERICA
FARM SERVICE AGENCY

(Borrower)

By: _____

(Borrower)  1-28-09   Farm Loan Officer   Farm Loan Officer  2-3-09

(Title)

## ACKNOWLEDGEMENTS

STATE OF OREGON       )
                      ) ss:
COUNTY OF BAKER       )

On this 5th day of November 2008, personally appeared the above named DAVID L. ORR and SHAUNNA L. ORR and acknowledged the foregoing instrument to be their voluntary act and deed, before me:



OFFICIAL SEAL
J WIRTH
NOTARY PUBLIC-OREGON
COMMISSION NO. 431928
MY COMMISSION EXPIRES SEPTEMBER 18, 2012

Notary Public in and for the
State of Oregon
My commission expires 9-18-12

STATE OF OREGON       )
                      ) ss.
COUNTY OF BAKER       ) January 2009

On this 28 day of December, 2008, personally appeared the above named DAVID L ORR and SHAUNNA L. ORR and acknowledged the foregoing instrument to be their voluntary act and deed, before me:

Notary Public for the State of Oregon
My Commission expires 9-18-12

OFFICIAL SEAL
J WIRTH
NOTARY PUBLIC-OREGON
COMMISSION NO. 431928
MY COMMISSION EXPIRES SEPTEMBER 18, 2012

B09 07 0121        B09 45 0231

STATE OF OREGON            )
                          ) ss:
COUNTY OF BAKER            )

On this 5th day of November 2008, personally appeared NATHAN WILSON known to me to be the
FARM LOAN OFFICER, Farm Service Agency, United States department of Agriculture, and the person who
executed the foregoing instrument, and acknowledge to me that he executed the same as the free act and deed of
the United States of America, for the users and purposes therein mentioned, before me:



OFFICIAL SEAL
J WIRTH
NOTARY PUBLIC-OREGON
COMMISSION NO. 431928
MY COMMISSION EXPIRES SEPTEMBER 18, 2012

Notary Public in and for the State of Oregon
My commission expires: 9-18-12

STATE OF OREGON            )
                          ) ss:
COUNTY OF BAKER            )

On this  3  day of ~~December 2008~~ February 2009, personally appeared NATHAN WILSON known
to me to be the FARM LOAN OFFICER, Farm Service Agency, United States departme
of Agriculture, and the person who executed the foregoing instrument, and
acknowledge to me that he executed the same as the free act and deed of
the United States of America, for the users and purposes therein mentioned,
before me:



OFFICIAL SEAL
J WIRTH
NOTARY PUBLIC-OREGON
COMMISSION NO. 431928
MY COMMISSION EXPIRES SEPTEMBER 18, 2012

Notary Public in and for the State of Oregon
My commission expires: 9-18-12

Re-Record

STATE OF OREGON )
COUNTY OF BAKER )
I CERTIFY THAT THIS
INSTRUMENT WAS RECEIVED
AND RECORDED IN THE BOOK
OF RECORDS OF SAID COUNTY
TAMARA J. GREEN, BAKER CO. CLERK
BY Karen Phillips DEPUTY
DOC#: 09070119B
2/17/2009 1:20 PM
REFUND:    .00    36.00

STATE OF OREGON )
COUNTY OF BAKER )
I CERTIFY THAT THIS
INSTRUMENT WAS RECEIVED
AND RECORDED IN THE BOOK
OF RECORDS OF SAID COUNTY
TAMARA J. GREEN, BAKER CO. CLERK
BY Karen Phillips DEPUTY
DOC#: 08450229B
11/06/2008 11:00 AM
REFUND:    .00    36.00

CK

This form is available electronically.

Form Approved - OMB No. 0560-0237
(See Page 4 for Privacy Act and Public Burden Statements.)

**FSA-2026**
(12-31-07)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

Position 2

## PROMISSORY NOTE

| 1. Name | 2. State | 3. County |
|---|---|---|
| DAVID L. AND SHAUNNA L. ORR | OREGON | BAKER |

| 4. Case Number | 5. Fund Code | 6. Loan Number | 7. Date |
|---|---|---|---|
| 43 001 544250649 | 44 | 10 | 11/05/2008 |

| 8. TYPE OF ASSISTANCE | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|
| OL-BF-REG | ☐ Initial loan  ☐ Conservation easement  ☐ Deferred payments<br>☐ Subsequent loan  ☑ Rescheduling  ☐ Debt write down<br>☑ Consolidation  ☐ Reamortization |

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in (a) 3990 MIDWAY DRIVE, BAKER CITY, OR 97814 or at such other place as the Government may later designate in writing, the principal sum of (b) EIGHTY ONE THOUSAND SEVEN HUNDRED SIXTEEN AND 18/100------

-------------------- dollars (c) ($ 81,716.18--------------- , plus interest on

the unpaid principal balance at the RATE of (d) THREE AND ONE EIGHTHS-----------------------------------
percent (e) __3.125__ %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in (a) __FIFTEEN (15)__ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 6,908.00 | 11/5/2009 | $ N/A | N/A |
| $ N/A | N/A | $ N/A | N/A |
| $ N/A | N/A | $ N/A | N/A |
| $ N/A | N/A | $ N/A | N/A |

and (d) $ __6,908.00__ thereafter on the (e) __11/5__ of each (f) YEAR _____ until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable (g) __FIFTEEN (15)__ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed. Borrower authorizes FSA to enter the amounts and dates of such advances in the Record of Advances.

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, or call (800) 795-3272 (voice) or (202) 720-6382 (TDD). USDA is an equal opportunity provider and employer.*

Initial _____    Date 1-20-09

FSA-2026 (12-31-07)                                                                                                  Page 2 of 4

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a)<br>FUND CODE/<br>LOAN NO. | (b)<br>FACE AMOUNT | (c)<br>INTEREST<br>RATE | (d)<br>DATE<br>*(include year)* | (e)<br>ORIGINAL BORROWER | (f)<br>LAST INSTALL. DUE<br>*(include year)* |
|---|---|---|---|---|---|
| 44/02 | $ 40,500.00 | 5.250 % | 6/19/2002 | DAVID L. ORR | 6/19/2009 |
| 44/03 | $ 35,500.00 | 3.500 % | 11/20/2002 | DAVID L. ORR | 11/20/2009 |
| 44/05 | $ 37,500.00 | 3.625 % | 12/17/2003 | DAVID L. ORR | 12/17/2010 |
| 44/06 | $ 26,250.00 | 4.250 % | 7/26/2004 | DAVID L. ORR AND SHAUNNA L. ORR | 7/26/2011 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

Initial _SO Orr_          Date _1-28-09_

20.  The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21.  Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute **DEFAULT** under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22.  This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8.  This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23.  Presentment, protest, and notice are waived.


_____  1-28-09

DAVID L. ORR
40110 OLD HIGHWAY 30
BAKER CITY, OREGON 97814


_____  1-28-09

SHAUNNA L. ORR
40110 OLD HIGHWAY 30
BAKER CITY, OREGON 97814

## 24. RECORD OF ADVANCES

| A. AMOUNT | B. DATE | A. AMOUNT | B DATE | A. AMOUNT | B. DATE |
|---|---|---|---|---|---|
| (1) $ | | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | C. TOTAL: | $ | |

NOTE: The following statements are made in accordance with the Privacy Act of 1974 (5 USC 552a): the Farm Service Agency (FSA) is authorized by the Consolidated Farm and Rural Development Act, as amended (7 USC 1921 et seq.), or other Acts, and the regulations promulgated thereunder, to solicit the information requested on its application forms. The information requested is necessary for FSA to determine eligibility for credit or other financial assistance, service your loan, and conduct statistical analyses. Supplied information may be furnished to other Department of Agriculture agencies, the Internal Revenue Service, The Department of Justice or other law enforcement agencies, the Department of Defense, the Department of Housing and Urban Development, the Department of Labor, the United States Postal Service, or other Federal, State, or local agencies as required or permitted by law. In addition, information may be referred to interested parties under the Freedom of Information Act (FOIA), to financial consultants, advisors, lending institutions, packagers, agents, and private or commercial credit sources, to collection or servicing contractors, to credit reporting agencies, to private attorneys under contract with FSA or the Department of Justice, to business firms in the trade area that buy chattel or crops or sell them for commission, to Members of Congress or Congressional staff members, or to courts or adjudicative bodies. Disclosure of the information requested is voluntary. However, failure to disclose certain items of information requested, including your Social Security Number or Federal Tax Identification Number, may result in a delay in the processing of an application or its rejection.

According to the Paperwork Reduction to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

Initial _____    Date 1-20-01

Re-Record
B09 07 0113

B09 45 0217

**FSA-2029M-OR**
(10-08-08)

*Position 5*

UNITED STATES DEPARTMENT OF AGRICULTURE
Farm Service Agency

## MORTGAGE FOR OREGON

After recording, return this document to:

Baker County FSA
3990 Midway Drive
Baker City, OR 97814

COPY

This Space Reserved for County Filing Officer Use Only

THIS DOCUMENT IS BEING RE-RECORDED TO AMEND PRINCIPAL AMOUNT, PREVIOUSLY RECORDED IN B08 45 0217.

Form Approved - OMB No. 0560-0237
*(See Page 7 for Privacy Act and Public Burden Statements.)*

THIS MORTGAGE ("instrument") is made on ___November 5___, 20 __08__. The mortgagor is David L. Orr and Shaunna L. Orr _____ ("Borrower") whose mailing address is 40110 Old Highway 30, Baker City, Oregon 97814 _____. This instrument is given to the United States of America, acting through the Farm Service Agency, United States Department of Agriculture ("Government") located at 3990 Midway Drive, Baker City, Oregon 97814 _____.

This instrument secures the following promissory notes, assumption agreements, and/or shared appreciation agreements (collectively called "note"), which have been executed or assumed by Borrower unless otherwise noted, are payable to the Government, and authorize acceleration of the entire debt upon any default:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| 11/5/2008 | $XXXXXXX  1-28-09  81,716.18 | 3.125% | 11/5/2024 |

(The interest rate for any limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as provided in Government regulations and the note.)

By execution of this instrument, Borrower acknowledges receipt of all of the proceeds of the loan or loans evidenced by the above note.

This instrument secures to the Government: (1) payment of the note and all extensions, renewals, and modifications thereof; (2) recapture of any amount due under any Shared Appreciation Agreement entered into pursuant to 7 U.S.C. § 2001; (3) payment of all advances and expenditures, with interest, made by the Government; and (4) the obligations and covenants of Borrower set forth in this instrument, the note, and any other loan agreements.

In consideration of any loan made by the Government under the Consolidated Farm and Rural Development Act, 7 U.S.C. § 1921 et. seq. as evidenced by the note, Borrower irrevocably mortgages, grants and conveys to Government the following described property situated in the State of Oregon, County or Counties of     Baker

All that portion of the East half of the Northwest quarter and the Northwest quarter of the Northwest quarter of Section 34, Township 9 South, Range 40 East of the Willamette Meridian, in the County of Baker and State of Oregon, lying Northeasterly of the Oregon-Washington Railroad & Navigation Company (Union Pacific Railroad) right of way, and Southwesterly of the old U.S. Highway No. 30 right of way;

Initial _____ Date 11 6 08

FSA-2029M-OR (10-08-08) Page 1 of 7

Complaint, Exhibit W, Page 1 of 6

 

B09 07 0114                                B08 45 0218

EXCEPTING THEREFROM the following described portion of the Northwest quarter of the Northwest quarter: Beginning at a point where the North line of said Northwest quarter of the Northwest quarter and the Easterly right of way line of the Oregon-Washington Railroad & Navigation Company (Union Pacific Railroad) right of way intersect;
thence Southeasterly 360 feet along the Easterly right of way line of said highway;
thence East 140 feet;
thence North 100 feet;
thence East to the Westerly right of way line of said Old U.S. Highway No. 30;
thence Northeasterly along said Westerly right of way line, to the North line of the Northwest quarter;
thence West along said North line, to the point of beginning.

**(For Additional Legal Description, See Exhibit "A" Attached)**

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, fixtures, hereditaments, appurtenances, and improvements now or later attached thereto (including, but not limited to, irrigations systems, including pumps, motors, electrical panels, pipe, sprinklers, and other accessories pertaining thereto; seed cleaning and storage systems, including cleaners, elevators, pipe, scales, baggers, fans, motors, electrical panels, and other accessories pertaining thereto; milking, milk handling, and milk storage systems, and other accessories pertaining thereto; manure handling systems; livestock feeding systems; whether or not attached to the real estate), the rents, issues and profits thereof, revenues and income therefrom, all water, water rights, water certificates, water permits, water allotments, and water stock pertaining thereto no matter how evidenced, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, or condemnation of any part thereof or interest therein (collectively called "the property"). This instrument constitutes a security agreement and financing statement under the Uniform Commercial Code and creates a security interest in all items which may be deemed to be personal property, including but not limited to proceeds and accessions, that are now or hereafter included in, affixed, or attached to "the property."

Borrower COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the property and that the property is unencumbered, except for encumbrances of record. Borrower warrants and will defend the title to the property against all claims and demands, subject to any encumbrances of record.

This instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform mortgage covering real property.

UNIFORM COVENANTS. Borrower COVENANTS AND AGREES as follows:

1. **Payment**. Borrower shall pay promptly when due any indebtedness to the Government secured by this instrument.
2. **Fees**. Borrower shall pay to the Government such fees and other charges that may now or later be required by Government regulations.
3. **Application of payments.** Unless applicable law or Government's regulations provide otherwise all payments received by the Government shall be applied in the following order of priority: (a) advances made under this instrument; (b) to accrued interest due under the note; (c) to principal due under the note; (d) to late charges and other fees and charges.
4. **Taxes, liens, etc.** Borrower shall pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.
5. **Assignment.** Borrower grants and assigns as additional security all the right, title and interest in: (a) the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or taking by eminent domain or otherwise of any part of the property, or for conveyance in lieu of condemnation; (b) all bonuses, rentals, royalties, damages, delay rentals and income that may be due or become due and payable to the Borrower or Borrower's assigns under any existing or future oil, gas, mining or mineral lease covering any portion of the property; and (c) all rents, issues, profits, income and receipts from the property and from all existing or future leases, subleases, licenses, guaranties and any other agreements for the use and occupancy of any portion of the property, including any extensions, renewals, modifications or substitutions of such agreements. Borrower warrants the validity and enforceability of this assignment.

Borrower authorizes and directs payment of such money to the Government until the debt secured by this instrument is paid in full. Such money may, at the option of the Government, be applied on the debt whether due or not. The Government shall not be obligated to collect such money, but shall be responsible only for amounts received by the Government. In the event any item so assigned is determined to be personal property, this instrument will also be regarded as a security agreement.

Borrower will promptly provide the Government with copies of all existing and future leases. Borrower warrants that as of the date of executing this instrument no default exists under existing leases. Borrower agrees to maintain, and to require the tenants to comply with, the leases and any applicable law. Borrower will obtain the Government's written authorization before Borrower consents to sublet, modify, cancel, or otherwise alter the leases, or to assign, compromise, or encumber the leases or any future rents. Borrower will hold the Government harmless and indemnify the Government for any and all liability, loss or damage that the Government may incur as a consequence of this assignment.

Initial _(signatures)_ Date 11-6-08
11-10-08

FSA-2029M-OR (10-08-08) Page 2 of 7

Complaint, Exhibit W, Page 2 of 6

 

B09 07 0115    808 45 0219

6. **Insurance.** Borrower shall keep the property insured as required by and under insurance policies approved by the Government and, at its request, deliver such policies to the Government. If property is located in a designated flood hazard area, Borrower also shall keep property insured as required by 42 U.S.C. § 4001 et. seq. and Government regulations. All insurance policies and renewals shall include a standard mortgagee clause.

7. **Advances by Government.** The Government may at any time pay any other amounts required by this instrument to be paid by Borrower and not paid by Borrower when due, as well as any cost for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. Advances shall include, but not be limited to, advances for payments of real property taxes, special assessments, prior liens, hazard insurance premiums, and costs of repair, maintenance, and improvements. All such advances shall bear interest at the same rate as the note which has the highest interest rate. All such advances, with interest, shall be immediately due and payable by Borrower to the Government without demand. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any secured debt to the Government, in any order the Government determines.

8. **Protection of lien.** Borrower shall pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and its priority and the enforcement or compliance with this instrument and the note. Such expenses include, but are not limited to: costs of evidence of title to, and survey of, the property, costs of recording this and other instrument, attorneys' fee, trustees' fees; court costs, and expenses of advertising, selling, and conveying the property.

9. **Authorized purposes.** Borrower shall use the loan evidenced by the note solely for purposes authorized by the Government.

10. **Repair and operation of property.** Borrower shall: (a) maintain improvements in good repair; (b) make repairs required by the Government; (c) comply with all farm conservation practices and farm management plans required by the Government; and (d) operate the property in a good and husbandlike manner. Borrower shall not (e) abandon the property; (f) cause or permit waste, lessening or impairment of the property; or (g) cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals without the written consent of the Government, except as necessary for ordinary domestic purposes.

11. **Legal compliance.** Borrower shall comply with all laws, ordinances, and regulations affecting the property.

12. **Transfer or encumbrance of property.** Except as provided by Government regulations, the Borrower shall not lease, assign, sell, transfer, or encumber, voluntarily or otherwise, any of the property without the written consent of the Government. The Government may grant consents, partial releases, subordinations, and satisfactions in accordance with Government regulations.

13. **Inspection.** At all reasonable times the Government may inspect the property to ascertain whether the covenants and agreements contained in this instrument are being performed.

14. **Hazardous substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the property. The preceding sentence shall not apply to the presence, use, or storage on the property of small quantities of hazardous substances that are generally recognized to be appropriate to normal use and maintenance of the property. Borrower covenants that Borrower has made full disclosure of any such known, existing hazardous conditions affecting the property. Borrower shall not do, nor allow anyone else to do, anything affecting the property that is in violation of any federal, state, or local environmental law or regulation. Borrower shall promptly give the Government written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations. As used in this paragraph, "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means Federal laws and regulations and laws and regulations of the jurisdiction where the property is located that relate to health, safety or environmental protection.

15. **Adjustment; release; waiver; forbearance.** In accordance with Government regulations, the Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on the note, (d) release any party who is liable under the note from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's liability to the Government for payment of the note secured by this instrument unless the Government provides otherwise in writing. HOWEVER, any forbearance by the Government - whether once or often - in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

16. **Graduation.** If the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such a loan in sufficient amount to pay the note secured by this instrument and to pay for stock necessary to be purchased in a cooperative lending agency in connection with such loan.

17. **Forfeiture.** Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in the Government's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien created by this instrument or the Government's security interest. Borrower may cure such default by causing the action or proceeding to be dismissed with a ruling that precludes forfeiture of the Borrower's interest in the property or other material impairment of the lien created by this security instrument or the Government's security interest.

18. **False statement.** Borrower also shall be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to the Government (or failed to provide the Government with any material information) in connection with the loan evidenced by the note.

19. **Cross Collateralization.** Default under this instrument shall constitute default under any other security instrument held by the Government and executed or assumed by Borrower. Default under any other such security instrument shall constitute default under this instrument.

20. **Highly erodible land; wetlands.** Any loan secured by this instrument will be in default if Borrower uses any loan proceeds for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 C.F.R. part 1940, subpart G, or any successor Government regulation.

Initial [signature]  Date 11-6-08
11-10-08

FSA-2029M-OR (10-08-08) Page 3 of 7

 

B09 07 0116                B09 45 0220

21. **Non-discrimination.** If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so  (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, disability, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, disability, familial status or age.

22. **Notices.** Notices given under this instrument shall be sent by certified mail unless otherwise required by law.  Such notices shall be addressed, unless and until some other address is designated in a notice, in the case of the Government to the State Executive Director of the Farm Service Agency at the mailing address shown above, and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the mailing address shown above).

23. **Governing law; severability.**  This instrument shall be governed by Federal law.  If any provision of this instrument or the note or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this instrument or the note which can be given effect without the invalid provision or application.  The provisions of this instrument are severable.  This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the express provisions hereof.  All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise; and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

24. **Successors and assigns; joint and several covenants.**  The covenants and agreements of this instrument shall bind and benefit the successors and assigns of Government and Borrower.  Borrower's covenants and agreements shall be joint and several.  Any Borrower who co-signs this instrument but does not execute the note: (a) is co-signing this instrument only to mortgage, grant and convey that Borrower's interest in the property under this instrument; (b) is not personally obligated to pay the sums secured by this instrument; and (c) agrees that the Government and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this instrument or the note without that Borrower's consent.

25. **No merger.**  If this instrument is on a leasehold, Borrower shall comply with all the provisions of the lease.  If Borrower acquires fee title to the property, the leasehold and the fee title shall not merge unless the Government agrees to the merger in writing.  If the property is conveyed to the Government, title shall not merge (unless the Government elects otherwise) and the lien provided under this instrument shall not be affected by such conveyance.

26. **Time is of the essence.**  Time is of the essence in the Borrower's performance of all duties and obligations under this instrument.

NON-UNIFORM COVENANTS.  Borrower further COVENANTS AND AGREES as follows:

27. **Default; death; incompetence; bankruptcy.**  Should default occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the Borrower die or be declared incompetent, or should the Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may:  (a) declare the entire amount unpaid under the note and any debt to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of, and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument and sell the property as prescribed by law; and (e) enforce any and all other rights and remedies provided herein or by present or future law.

28. **State law.**  Borrower agrees that the Government will not be bound by any present or future State laws (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of any action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest it may charge, as a condition of approving a transfer of the property to a new Borrower.  Borrower expressly waives the benefit of any such State laws.

29. **Assignment of leases and rents.**  Borrower agrees that the assignment of leases and rents in this instrument is immediately effective on the recording of this instrument.  Upon default, the Borrower will receive any rents in trust for the Government, and Borrower will not commingle the rents with any other funds.  Any amounts collected shall be applied at the Government's discretion first to costs of managing, protecting and preserving the property, and to any other necessary related expenses.  Any remaining amounts shall be applied to reduce the debt evidenced by the note(s).  Borrower agrees that the Government may demand that Borrower and Borrower's tenants pay all rents due or to become due directly to the Government if the Borrower defaults and the Government notifies Borrower of the default.  Upon such notice, Borrower will endorse and deliver to the Government any payments of rents.  If the Borrower becomes subject to a bankruptcy, then Borrower agrees that the Government is entitled to receive relief from the automatic stay in bankruptcy for the purpose of enforcing this assignment.

30. **Application of foreclosure proceeds.**  The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with this instrument, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all other debt to the Government secured by this instrument, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other debt of Borrower to the Government, and (f) any balance to Borrower.  If the Government is the successful bidder at foreclosure or other sale of all or any part of the property, the Government may pay its share of the purchase price by crediting such amount on any debts of Borrower owing to the Government, in the order prescribed above.

Initial _____  Date 11-6-08
NO  11/6/08

FSA-2029M-OR (10-08-08) Page 4 of 7

B09 07 0117          B08 45 0221

By signing below, Borrower accepts and agrees to the terms and covenants contained in this instrument and in any rider executed by Borrower and recorded with this instrument.

For Entities:                                                    For Individuals:

_____
(Name of Borrower)

By: _____ (SEAL)        _____ (SEAL)  1-28-0
                                             David L. Orr

By: _____ (SEAL)        _____ (SEAL)  1-28-09
                                             Shaunna L. Orr

By: _____ (SEAL)        _____ (SEAL)

Attest: _____ (SEAL)       _____ (SEAL)

[Entity Seal]

**ACKNOWLEDGMENTS**

STATE OF OREGON
                                    } ss.        (Individuals)
COUNTY OF   Baker

On this  16th  day of  November  , 20  06 , before me personally appeared  David L. Orr
+ Shaunna L. Orr
                              (Name(s) of persons acknowledging)
known to me to be the same person whose name is subscribed to the foregoing instrument, and acknowledged that he, she, or they signed and delivered the instrument as his, her, or their free and voluntary act, for the uses and purposes set forth.

_____
NOTARY PUBLIC of and for the State of Oregon
My Commission expires:  9-18-12

OFFICIAL SEAL
J WIRTH
NOTARY PUBLIC-OREGON
COMMISSION NO. 431928
MY COMMISSION EXPIRES SEPTEMBER 18, 2012

STATE OF OREGON
                                    } ss.        (Partnership)
COUNTY OF  _____

The foregoing instrument was acknowledged before me this _____ day of _____ , 20 _____ , by
_____ , Partners,
                      (Names of acknowledging partners)
on behalf of _____ , a (n) _____ Partnership.
                  (Name of partnership)                      (State in which partnership created)

_____
NOTARY PUBLIC of and for the State of Oregon
My Commission expires: _____

Note:  Page 6 of 7 applies to corporation, limited liability company and trust entities only, and will not be recorded for individuals or partnership entities.
       Page 7 of 7 contains Privacy Act, Public Burden, and USDA Nondiscrimination Statement portions of this document, and will not be recorded.

Initial _____ Date 11-6-08                                FSA-2029M-OR (10-08-08) Page 5 of 7
              11-6-08

B09 07 0118            B08 45 0222

STATE OF OREGON          )
                         )ss.
COUNTY OF BAKER          )

OFFICIAL SEAL
J WIRTH
NOTARY PUBLIC-OREGON
COMMISSION NO. 431928
MY COMMISSION EXPIRES SEPTEMBER 18, 2012

On this 28 day of ~~December~~, January ~~2008~~, 2009, before me personally appeared DAVID L. ORR and SHAUNNA L. ORR known to me to be the same person whose name is subscribed to the foregoing instrument, and acknowledged that they signed and delivered the instrument as their free and voluntary act, for the uses and purposes set forth.

Notary Public of and for the State of Oregon
My Commission expires: 9-18-12

Re-Record
STATE OF OREGON )
COUNTY OF BAKER )
I CERTIFY THAT THIS
INSTRUMENT WAS RECEIVED
AND RECORDED IN THE BOOK
OF RECORDS OF SAID COUNTY
TAMARA J. GREEN, BAKER CO. CLERK
BY Karen Phillips DEPUTY
DOC#: 09070113B
2/17/2009 1:20 PM
REFUND:    .00    51.00

STATE OF OREGON )
COUNTY OF BAKER )
I CERTIFY THAT THIS
INSTRUMENT WAS RECEIVED
AND RECORDED IN THE BOOK
OF RECORDS OF SAID COUNTY
TAMARA J. GREEN, BAKER CO. CLERK
BY Karen Phillips DEPUTY
DOC#: 08450217B
11/06/2008 11:00 AM
REFUND:    .00    51.00
CK